STEPHEN A. WEST, Appellant, v. ALEXANDER S. BACON, Respondent.

ATTORNEY AND CLIENT — WAIVER OF LIEN BY DECLARATION OF TRUST. An attorney who makes a formal and explicit declaration of trust in favor of his client, with the statement that he holds property, which was the proceeds of a judgment recovered through him, for the purposes expressed in said judgment, and *in no other way*, and that upon the conveyance of the property to such persons as the *cestui que trust* may designate, he will pay over the proceeds of the sale to the latter, expressly waives any general or specific lien he may have had thereon for services rendered as attorney to the *cestui que trust*.

*West* v. *Bacon*, 13 App. Div. 371, modified.

(Submitted October 31, 1900; decided November 16, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 3, 1897, modifying, and affirming as modified, a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought to compel the defendant, as trustee of the plaintiff, to convey to the latter or his nominee the premises described in the complaint. Prior to Nov. 8, 1889, the plaintiff's wife was the owner of said premises. On that day she transferred the same to one J. Adriance Bush. This conveyance she subsequently sought to annul in an action wherein she claimed that it was made in reliance upon certain false and fraudulent representations and promises made by her husband during a temporary reconciliation between them and after the discontinuance of a suit for a separation brought by her against him. The plaintiff in this action was allowed to intervene in the action to annul said conveyance and was given judgment therein, declaring that Bush was a mere naked trustee holding the premises free and clear of all the " dower rights, liens or interests whatsover " of the said wife, and further providing that said defendant " J. Adriance Bush holds said property  *  *  *  for the benefit of  *  *  *  Stephen

54

A. West, free and clear of any and all dower rights or other liens or interests whatsoever of said Kate B. West," and directing that said trustee should make, execute and deliver to said Stephen A. West or to any person whom he might designate a good and sufficient deed, etc.

On the 29th day of December, 1892, said Bush, as such trustee, executed and delivered to the defendant a deed of said premises, which recites the provisions of said judgment, and that it is made upon the request of the plaintiff herein.

On the 30th day of December, 1892, the defendant executed and delivered to the plaintiff the following declaration of trust: "This declaration of trust made this 30th day of December, 1892, by Alexander S. Bacon, of Brooklyn, N. Y., in favor of Stephen A. West, of New York city, N. Y., witnesseth:

"Whereas, I, said Alexander S. Bacon, have this day received from J. Adriance Bush, Esq., a deed to premises known as No. 61 East One Hundred Twenty-eighth street, New York city, under and pursuant to the terms of a certain judgment of the New York Supreme Court, a copy of which is hereto annexed and made a part hereof, I do hereby declare that I hold said property for the purposes expressed in said judgment *and in no other way,* to wit, to hold the same for the benefit of said Stephen A. West, free and clear of any and all dower rights or other lien or interest whatsoever of Kate B. West, wife of said Stephen A. West, and to convey the same to such person as said Stephen A. West may in writing direct, *and to pay over the proceeds of such sale* to said Stephen A. West."

On the 3d day of May, 1895, plaintiff served upon the defendant a written demand for the transfer of said premises to one Charles D. Ridgway, who is the plaintiff's attorney in the present action. The defendant refused to comply with this demand upon the grounds as stated in his answer, that he claims a lien upon said lands as the proceeds of the judgment in the action brought by plaintiff's wife against said Bush as trustee, and in which the plaintiff herein was permitted to

intervene as a defendant; and also a further lien for his general services as attorney and fees as trustee.

The Supreme Court at Special Term, without deciding whether defendant had a lien upon the lands described in the complaint, held that he was entitled to recover as trustee for his services, disbursements and fees the sum of $294.02; and also "the sum of $500.00 for his services rendered in other actions and proceedings for the plaintiff," and directed the defendant to deliver to the plaintiff or to his order a deed of the said premises upon payment to the defendant of the sum of $794.02.

This judgment was modified by the Appellate Division by deducting therefrom the sum of $50.00 for services not rendered in the action which resulted in this plaintiff's recovery of the land, and, as thus modified, affirmed the judgment herein.

*Charles D. Ridgway* for appellant. The equitable maxim invoked by the trial court has no application to the case at bar. (*Matter of Cooper,* 93 N. Y. 507; *Wilson* v. *Douglass,* 66 Md. 99; *Pickett* v. *Bullock,* 52 N. H. 354; *Raymond* v. *Tyson,* 17 How. Pr. 53.) The defendant cannot claim to hold a lien on this property as attorney at law because he has declared by his declaration of trust that he holds for the purposes expressed and in no other way. The lien must give way to the terms of the express contract he executed unless he entered into it by mistake or through fraud. (*Matter of Larned,* 20 Wkly. Dig. 73; *Henry* v. *Fowler,* 3 Daly, 202; 1 Am. & Eng. Ency. of Law, 969.)

*George Edwin Joseph* for respondent. The premises were the proceeds of the judgment and the lien of the defendant followed them in whosoever hands they may have come. (Code Civ. Pro. § 66; *Matter of H.,* 87 N. Y. 523; *Williams* v. *Ingersoll,* 89 N. Y. 508; *Goodrich* v. *McDonald,* 112 N. Y. 157.) Defendant did not waive his attorney's lien by the execution of the declaration of trust; nor is there such inconsistency in the relationship of trustee and attorney as

would create a waiver of attorney's lien where the trust property is the proceeds of a judgment recovered through the attorney who accepts the trust therein at the request of his client. (Code Civ. Pro. § 66.)

WERNER, J.    In our view of this case it is unnecessary to determine whether the defendant had either a general equitable lien or a specific attorney's lien upon the lands described in the complaint.    Any lien he may have had was expressly waived by his declaration of trust in which he says: "I hold said property for the purposes expressed in said judgment, *and in no other way;*" and by the explicit provisions of which he binds himself "to convey the same to such person as said Stephen A. West may in writing direct, and to pay over the proceeds of such sale to said Stephen A. West."

The learned Appellate Division took the view that these words could not be construed as a waiver of defendant's lien, and should be held to mean nothing more than that he took the title as the nominee of the plaintiff, subject to the terms of the judgment in the suit of *West* v. *Bush.*    We find ourselves unable to concur in this view.

It is to be remembered that the defendant, before he became plaintiff's trustee, had been his attorney in the suit out of which the subject of the trust arose.    While sustaining that intimate and confidential relation to the plaintiff he assumed the trust under which he now holds the property in suit.    In assuming this trust the defendant, with full knowledge of his legal rights, and with presumptive knowledge of the effect of his acts, made a formal and most explicit declaration of trust, in which the statement that he holds the property for the purposes expressed in the judgment therein described is emphasized by the declaration that he holds the same "*in no other way.*"    This is followed by the equally unequivocal statement that upon the conveyance of said premises to such person as said West may in writing direct, he, the trustee, will "*pay over the proceeds of such sale to said Stephen A. West.*"

It is said that any construction of this language which attributes to the defendant an intention to waive his lien is forced and unnatural. We think that any other construction would be repugnant to the plain meaning of the words used. We find it difficult, indeed, to discuss at length a proposition so obvious and in such exact accord with the principles applicable to the subject of waiver. We think it was error to allow the defendant any sum whatever for his services as attorney, and that his recovery should have been limited to the allowance made to him as trustee which, for apparent reasons, rests upon an entirely different basis than his compensation as attorney.

The judgment of the court below should be modified by deducting therefrom the sum of $450.00 in addition to the $50.00 deducted by the Appellate Division, and as thus modified affirmed, without costs to either party.

GRAY, O'BRIEN, HAIGHT, LANDON and CULLEN, JJ., concur; PARKER, Ch. J., dissents.

Judgment accordingly.