### BUTTS et al. v. CAREY et al.

(Supreme Court, Appellate Division, First Department.   March 24, 1911.)

1. ATTORNEY AND CLIENT (§ 192*)—COMPENSATION—LIEN—ENFORCEMENT.

A finding in favor of an attorney claiming a lien on premises conveyed by his client, that the client's equity in the remaining premises "may not" be sufficient to meet the attorney's claim, does not establish the fact adversely to the client's defense that the equity is sufficient.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425-427; Dec. Dig. § 192.*]

2. ATTORNEY AND CLIENT (§ 184*)—COMPENSATION—LIEN—ENFORCEMENT.

An attorney's lien for services should be satisfied out of property subject thereto in the inverse order of alienation, in case of conveyance by the client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 388; Dec. Dig. § 184.*]

3. ATTORNEY AND CLIENT (§ 144*)—RETAINER—CONTRACT—CONSTRUCTION.

An ambiguous retainer agreement must be construed most strongly against the attorneys.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

4. ATTORNEY AND CLIENT (§ 176*)—COMPENSATION—LIEN—CONSTRUCTION OF CONTRACT.

A retainer agreement, by which a client bound herself to convey to her attorneys one-fourth of all property recovered, stated that "it is agreed that upon adjusting the fee after judgment, the improved property * * * shall be allotted to her, and if there be not sufficient land remaining to allot to them a portion equal to one-fourth of the property recovered, they shall receive the equivalent in cash, and she shall have the right * * * to pay their fee in land or cash." Held, that they were not entitled to a decree for a lien against premises conveyed by her if her equity in the premises retained was ample to satisfy their claim, though her selection of the premises conveyed was made before the amount of the fee was adjusted.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 381; Dec. Dig. § 176.*]

Appeal from Special Term, New York County.

Action by Thomas W. Butts and another against Marie Julie Collins Carey and others. From a judgment in favor of the plaintiff Butts, the defendant Carey appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Louis O. Van Doren, for appellant.

P. J. Dobson (James J. Thornley and W. P. Vining, on the brief), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. The plaintiffs were practicing law as copartners, and on the 30th day of November, 1904, they were retained by Marie Julie Elizabeth Collins, who was originally made a party defendant herein, but died pending the action to bring an action against her son Charles H. Collins to set aside a deed which she had executed to him, dated October 15, 1885, and delivered March 25, 1887, of certain premises subdivided into six lots now in the borough of the Bronx, county of New York. They accepted the employment on a contingent basis. It was agreed that they were to receive nothing for their services unless they succeeded in recovering the property or some part thereof, or a judgment for the value or some part of the value thereof. The agreement by which they were retained was signed and acknowledged by them as well as by her. The further part of the agreement material to the issues presented by this action is as follows:

"In the event of recovering anything from her said son, she shall and will pay, deliver, transfer and convey to them, and they will accept as compensation in full for their services and counsel fees, one-fourth of any and all money or property which may or shall be paid, allowed, awarded, adjudged or conveyed to her, or be otherwise recovered from him, his heirs or assigns, and she does hereby assign and grant unto them an undivided one-fourth part of said lots numbered 56, 57, 58, 71, 72 and 73, excepting the small lot 25 by 100 feet conveyed to Michael J. Doran by deed dated June 17, 1887; and excepting the plot 100 feet by 101.89 feet conveyed to Henry Garmond and others by deed dated February 26, 1896. But it is agreed that upon adjusting the fee after judgment against or settlement with the defendant, the improved property including the house and lot where she lives shall be allotted to her, and if there be not sufficient land remaining to allot to them a portion equal to one-fourth of the whole property recovered, they shall receive the equivalent in cash, and she shall have the right to choose lots lying together and also to pay their fee in land or cash, or part in land and part in cash. To ascertain the proportion of cash to be paid, the property shall be appraised by the parties hereto at its fair and reasonable market value."

They brought an action as contemplated and obtained an interlocutory judgment adjudging their client's son to be seised in fee as trustee for her, under her deed to him dated October 15, 1885, referred to in the agreement by which they were retained, of lots 56, 57, 73, and part of lot 72, and also adjudging that a subsequent deed from her to her son, purporting to convey lots 58 and 71 which he had reconveyed to her, was void and of no effect, and directing him to execute to her a deed of lots 56, 57, 73, and part of lot 72, and lots 58 and 71, and ordering an accounting. Pending the accounting their client conveyed to the appellant, who is her daughter, lots 58 and 71 and a small part off the rear of the part of lot 72 mentioned in the interlocutory judgment and off the side or rear of lot 57, which concededly embraced the homestead referred to in the agreement of retainer, as the house and lot where the client resided, and according to the contention of appellant embraced no more, but respondent claims that it embraces considerably more. In area it included only a little more than one-half of the premises to which the retainer relates, for it embraced 23,500 square feet, leaving a remainder of the premises in area 20,700 square feet. This deed to the appellant was recorded, and on that fact coming to the attention of the plaintiffs they recorded the agreement of retainer and thereafter brought this

action for a partition of the premises thus conveyed to the appellant, and to have it adjudged that the conveyance by their client to the appellant was subordinate to their rights under their retainer agreement and for other relief incident thereto, on the theory that the retainer agreement in and of itself constituted a conveyance to them of an undivided one-fourth interest in the premises and that it also gave them a lien for their services on the entire premises. At the time they brought this action, they had not fully performed the obligations they assumed by virtue of the retainer agreement, for they had not recovered a final judgment, or obtained a reconveyance to their client by her son. Pending the action the plaintiff Bailey transferred to the plaintiff Butts all his right, title, and interest in the premises conveyed to appellant by their client, and in and under the retainer agreement as well.

The court found that the conveyance by the client to appellant was without consideration and was made with knowledge on the part of the appellant of the agreement by which the client retained the plaintiffs, and as conclusions of law the court found that it was not only made without consideration and with knowledge of said agreement, but that it was executed and accepted in fraud of the rights of the plaintiffs, although there was no allegation of fraud and no proof of or finding of the fact upon which to base that conclusion of law.

Both the appellant and her mother allege as a separate defense that the mother's equity in the premises, the title to which she did not convey to the appellant but retained in herself, was and is ample to satisfy any lien or other claim the plaintiffs may have for services under the agreement of retainer. The court on the trial excluded evidence duly offered to establish this separate defense, and ruled broadly that such evidence was not germane to the issue, and would not constitute a defense to the action. Counsel for appellants duly excepted to said rulings. I am of opinion that this was error. After so ruling, however, the court appears to have made a finding to the effect that the client's equity in the remaining premises may not be sufficient to meet the claim of the respondent. In view of the rulings to which reference has been made, the respondent cannot sustain the judgment on the theory that this finding establishes the fact adversely to the defense interposed in that regard.

On the trial the plaintiffs abandoned the claim of a right to a partition of the premises in this action and elected to proceed upon the theory that they were only entitled to a decree declaring that the conveyance by their client to the appellant was subject and subordinate to their rights under the agreement of retainer, and that they have a lien on the premises for their services in accordance with the retainer. The judgment from which the appeal is taken decrees not only that the conveyence was made subject to and is subordinate to the rights of the plaintiffs under the retainer agreement, but that Butts has a lien on the premises so conveyed "for the amount of plaintiffs' charges, fees and professional services rendered pursuant to said agreement." This provision of the judgment, if allowed to stand, might have the effect of requiring the payment of the entire charge for professional services out of the premises conveyed to the appel-

lant, while, under the well-established rule with respect to liens by which they are required to be satisfied out of the property subject thereto in the inverse order of alienation, those premises should be resorted to only after exhausting the lien against the remaining premises.

The respondent contends that by virtue of the agreement of retainer the plaintiffs were given a lien on the entire premises covered by it; but, on the other hand, the appellant contends that there was no lien on any part of the premises by virtue of said agreement since the client was given the election to pay her attorneys' fee in cash; and further that, in any event, the homestead was exempted from any claim on the part of the attorneys. I am of opinion that it is not necessary at this time to decide the questions presented by these respective contentions, for it seems to me quite clear that Butts is not entitled to a decree of a court of equity adjudging that he has a lien against the part of the premises conveyed by his client to the appellant if the equity of his client in the premises retained by her, at the time the agreement of retainer was recorded, was of sufficient value to protect him with respect to his rights under the retainer. If there be any ambiguity in the agreement of retainer, it should be construed most strictly against the attorneys who drew it. It is quite plain, I think, from its provisions, that the client was to be at liberty to pay the fee of her attorneys in cash, and not only was she to have the right to reserve the house and lot where she resided, but it was expressly provided that she was to have allotted to her in addition thereto other improved property constituting part of the property described in the agreement of retainer. The house in which the client resided was built in part on each of said lots 58 and 71, and on another part of lot 58 there stood at the time of the trial another house, which, according to the testimony of the appellant, was purchased from the city by the appellant, but it does not appear when it was so moved on.

It seems that said lots 58 and 71 each had a frontage of 100 feet and abutted on the rear so that together they embraced a strip of land of that width extending from one avenue to another. It appears that a survey was made of the premises in 1901, and by that survey they are shown to be further subdivided in lots having a frontage of only 25 feet on each avenue; or, in other words, each lot was subdivided into four. The court found that the homestead to which reference is made in the retainer included only one of these 25-foot lots, notwithstanding the fact that the retainer agreement contained no reference to that subdivision of lots 58 and 71. Moreover, the house in which the client resided stood in part on three of said last subdivision lots.

It appears that the appellant's mother, executed to her a quitclaim deed of lots 58 and 71, dated February 4, 1898, after her brother had reconveyed said lots to his mother, but that deed was not recorded until after the recording of the agreement of retainer by the plaintiffs and after the commencement of this action.

The respondent attempts to meet the argument that the defense to which reference has been made is good by claiming that his client

did not have the right to make any election or selection of any part of the premises, either the homestead or other parts, to be retained by her, until the time the parties were to agree with respect to the fee to be charged by the attorneys, or until that was determined. I am of opinion that there is no force in this contention. Since she manifestly had the right to make such an election or selection, the agreement should be construed as giving her that right at any time and as reserving a right on her part to convey part of her premises, either with or without consideration, so long as she retained sufficient to meet the claim of the respondent under the retainer agreement. The enforcement of the agreement of retainer as herein sought by the respondent would be oppressive, and therefore should not receive the sanction of a court of equity.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.