Proceeding dismissed, without costs and without prejudice to either party.

Frederic A. Johnson, Respondent, *v.* Gustave I. Jahr, Appellant.

First Department, May 22, 1956.

*Gustave I. Jahr,* appellant in person.

*Thomas F. Cohalan* for respondent.

*Per Curiam.* This is an action in which plaintiff seeks recovery against defendant for professional services. Both are attorneys. Defendant appeals from an order denying his motion to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 106).

The complaint, in substance, charges that at the special instance and request of defendant, plaintiff performed services in the presentation of claims made by certain of defendant's clients against the Federal Government in the United States Court of Claims. Plaintiff seeks to recover 15% of the total amount of any judgment which may be obtained in such action or actions or, in the alternative, that his lien be fixed at 15% of any such recovery.

It is evident from the pleading that plaintiff seeks to impress a lien on future recoveries in actions in which he is not the attorney of record and which are pending in forums beyond the jurisdiction of this court.

The statutory lien of an attorney exists by virtue of the Judiciary Law (§ 475) and accrues only to " the attorney who appears for a party ".

It is settled law that the attorney who appears for a party has a statutory lien only if he is the attorney of record in an action or special proceeding (*Matter of Albrecht,* 225 App. Div. 423, and cases cited therein, affd. without opinion 253 N. Y. 537; *Weinstein* v. *Seidmann,* 173 App. Div. 219). Moreover, there must be a verdict, award, or judgment within this State or within the jurisdiction of a court of this State, to which the statutory lien can attach (*Matter of Albrecht, supra*).

Plaintiff's remedy obviously lies in an action at law against defendant on contract express or implied. The complaint in its present form does not set forth such a cause of action.

It follows that the order should be reversed and the motion to dismiss the complaint granted with leave to plaintiff to replead a proper cause of action at law.

Peck, P. J., Breitel, Rabin, Cox and Frank, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, with leave to the plaintiff to serve an amended complaint, in conformity with the opinion within 30 days after service of a copy of the order with notice of entry thereof.