■ In the Matter of the Estate of CLAIR B. GUTCHESS, Deceased. THEODORE FENSTERMACHER, Respondent; DOROTHY E. McLENON, as Executrix of ERLENE M. GUTCHESS, Deceased, Appellant. — Appeals (1) from an order of the Surrogate's Court of Cortland County (Mullen, S.), entered March 2, 1982, which granted petitioner Theodore Fenstermacher's motion to stay the executors of Clair Gutchess' estate from distributing money or property due Erlene Gutchess as legatee, devisee and beneficiary, and further dismissed respondent Dorothy McLenon's cross motion to dismiss the petition; and (2) from an order of said court, entered March 2, 1982, which denied said respondent's motion to vacate an earlier stay granted pending determination of the above stay or to modify it, denied the motion of the executors of Clair Gutchess' estate also to vacate the earlier stay and permit them to pay to an escrowee the balance due Erlene Gutchess' estate thereby relieving them of liability in that regard, and ordered instead that the balance due be paid into court and that the executors be thereby relieved of liability. Clair B. Gutchess died a resident of Cortland County on July 3, 1978. His wife Erlene M. Gutchess, by the terms of his will, received one third of the estate, including real property in Florida. A few weeks later, Mrs. Gutchess allegedly retained petitioner, a New York attorney, to represent her interests against her husband's estate both under the will and otherwise. In late July, Mrs. Gutchess moved to Florida and at petitioner's suggestion retained Florida counsel. Mrs. Gutchess died in Florida on January 24, 1979. Thereafter, Mrs. Gutchess' sister retained another New York counsel to protect Mrs. Gutchess' interest in her husband's estate. Not receiving payment for his services, petitioner filed a petition in Surrogate's Court to fix the value of his services to Mrs. Gutchess and to direct payment thereof from the funds Mr. Gutchess' estate owed Mrs. Gutchess under the will. Hearings were had but no determination has been reached. Subsequently, the representatives of the two estates reached a settlement wherein it was agreed that Mrs. Gutchess' estate should be paid some $78,000 with $20,000 paid at the time of the agreement and the balance to be paid on or before July 1, 1981. Prior to the final payment date, petitioner brought the instant proceeding seeking an order withholding payment of the final sum until a determination had been made fixing the value of his services. The Surrogate granted the injunctive relief and also by a second order permitted Mr. Gutchess' executors to pay the balance of some $58,000 into court pending the final outcome of the petition. These appeals ensued. The principal issue involved is the propriety of the order directing payment of the full amount still owing Mrs. Gutchess' estate into court. To resolve this issue, we must, of necessity, consider whether petitioner had a viable lien on the proceeds of the estate due Mrs. Gutchess for his services. From the commencement of an action or special proceeding, an attorney who appears has a lien upon his client's claim that attaches to a determination in the client's favor and to the resulting proceeds wherever they are (Judiciary Law, § 475). The Surrogate's Court has the power to establish and enforce such a lien on a decree in a probate matter (*Matter of Regan,* 167

NY 338). The critical question is whether petitioner is "the attorney who appeared" for Mrs. Gutchess within the purview of the Judiciary Law. It has been held that such an attorney is the attorney of record (*Weinstein v Seidmann,* 173 App Div 219). In the instant case, petitioner maintains that he represented Mrs. Gutchess in various matters arising out of her husband's will which involved considerable negotiations with the executors of that estate. There is only slight support in the record to sustain such a contention. The record, however, demonstrates that one of the assets in the estate was a certain piece of real property located on James Street in Cortland, New York. The record is clear that petitioner was Mrs. Gutchess' attorney of record in litigation to gain title to that property which was listed in the husband's name alone. The record further establishes that the James Street property was subsequently an item of negotiation and settlement finally reached between the two estates. Consequently, petitioner's representation of Mrs. Gutchess in the James Street action, though it occurred in Supreme Court, is proof of his services to her as her attorney of record in matters dealing with the probate of her husband's will (see *Matter of Maggio,* 169 Misc 1039). The fact that the representatives of the two estates reached a settlement does not affect petitioner's lien (Judiciary Law, § 475; *People v Keeffe,* 50 NY2d 149, 156). Therefore, petitioner has established his right to a valid lien against the funds in question and the Surrogate properly ordered the payment of money into court. The Surrogate, however, did not have the power to order the full sum still owing paid into court since the maximum amount petitioner requested was $20,000. Thus, there must be a modification reducing the amount paid into court to the sum of $20,000 (see *Matter of Regan,* 167 NY 338, *supra*). Orders modified, on the law and the facts, by reducing the sum to be paid into the Surrogate's Court of Cortland County by the executors of the estate of Clair B. Gutchess to $20,000 and by vacating the stay of distribution of the balance of said estate, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur.