■ MAX E. GREENBERG, CANTOR & REISS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 71290.)—Mikoll, J. Appeal from an order of the Court of Claims (Koreman, P. J.), entered March 26, 1986, which granted the State's motion to dismiss the claim.

In January 1979, Albin Construction Corporation (Albin) sued the State, among others, for $209,183.07 representing payment due on a completed contract for reconstruction of a State highway in Delaware County. Albin retained claimant as counsel on this claim. The matter was placed on the Reserve Calendar in the Court of Claims because records essential to Albin's claim became unavailable due to a fire in a State office building.

Albin was also involved in two complex lawsuits in Federal court and was represented in the Federal litigation by Christian X. Kouray. Claimant had nothing to do with Albin's Federal suits which involved, *inter alia*, Internal Revenue Service tax lien foreclosures, disputes with sureties and a claim against the State identical to Albin's claim in the Court of Claims. The Federal litigation was settled, the money distributed according to the settlement terms, and Albin's Court of Claims suit was discontinued by Albin without the knowledge or consent of claimant. Claimant received no compensation for the work it did for Albin in the Court of Claims litigation.

Thereafter, claimant commenced the instant claim alleging that the State wrongfully paid out the sum of $209,183.07 without recognizing claimant's alleged statutory lien for counsel fees on Albin's action in the Court of Claims. The Court of Claims granted the State's motion to dismiss the claim for failure to state a cause of action and this appeal by claimant ensued.

There should be an affirmance. The Court of Claims properly dismissed the claim for failure to state a cause of action. Claimant's reliance on Judiciary Law § 475 is misplaced.

While claimant did provide legal services to Albin for which claimant may be entitled to compensation, Judiciary Law § 475 cannot be used to secure such compensation for several reasons.

First, claimant was not Albin's counsel in the Federal proceedings which produced the settlement. It is only the attorney of record in an action or special proceeding who has a statutory lien under Judiciary Law § 475 (*Johnson v Jahr,* 1 AD2d 579, 580; *see, Matter of Barnum v Srogi,* 96 AD2d 723). Judiciary Law § 475 also does not apply because the proceeds of the Federal settlement were not created through claimant's efforts (*see, Goldstein, Goldman, Kessler & Underberg v 4000 E. Riv. Rd. Assocs.,* 64 AD2d 484, 487, *affd* 48 NY2d 890). Accordingly, since claimant was not entitled to a lien under Judiciary Law § 475, the State violated no "duty" to claimant.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Weiss, J., concurs in a memorandum. Weiss, J. (concurring). I respectfully concur in the result alone. There is no factual support in this record for the Court of Claims finding that claimant was discharged by Albin's president on August 24, 1984. At that point in time, at the very least, claimant was still the attorney of record in the pending Court of Claims action and thus entitled to proper notice of his discharge (6 NY Jur 2d, Attorneys at Law, § 51, at 513). Moreover, a proper substitution of counsel, whether by court order or the filing of a consent to the change, was never effectuated (6 NY Jur 2d, Attorneys at Law, § 59, at 524-525). This fact is borne out by the November 27, 1984 correspondence from Judge Edward M. Murray to claimants with respect to the Assistant Attorney-General's request for an adjournment. Under these circumstances, the State was remiss in participating in the discontinuance of the Court of Claims suit in derogation of claimant's charging lien under Judiciary Law § 475. That the settlement was effectuated in the context of the Federal proceedings does not ipso facto preclude recovery, for the lien attaches to the client's cause of action (*see, Neimark v Martin,* 7 AD2d 934, 935; *see also,* 7 NY Jur 2d, Attorneys at Law, § 185, at 113). Significant in this regard is the fact that the ultimate settlement amount agreed to in the Federal proceedings was the exact amount of money damages demanded in the first cause of action in the Court of Claims suit.

However, a definitive resolution on the merits need not be made, for as the Court of Claims aptly observed, the statutory waiver provision set forth in Court of Claims Act § 20 (6)

serves to preclude the recovery of an attorney's lien upon a judgment against the State. Accordingly, the claim was properly dismissed.