DENNIS PEMBERTON, Respondent, v DOLPHIN DEVELOPMENT CORPORATION et al., Respondents, and OPPENHEIM & MELTZER, Appellant.

Third Department, December 23, 1987

### APPEARANCES OF COUNSEL

*Oppenheim & Meltzer (Stephen L. Oppenheim* of counsel), for appellant.

*Eliezer A. Cohen,* respondent *pro se.*

*Robert M. Cohen* for Dennis Pemberton and others, respondents.

### OPINION OF THE COURT

CASEY, J.

The law firm of Oppenheim & Meltzer (hereinafter the firm) commenced the underlying action on behalf of plaintiff, seeking specific performance and damages arising out of defendants' refusal to convey to plaintiff certain parcels of real property pursuant to a contract between plaintiff and defendants. A notice of pendency was filed in connection with the action. For its representation of plaintiff in this action, the firm was to receive an hourly fee plus a percentage of any recovery as counsel fees. During the course of the litigation, plaintiff and defendants entered into negotiations relative to the settlement of the action. There is a dispute as to the extent of the firm's participation in these negotiations. The parties reached an agreement which apparently called for the conveyance of the subject property to a third party, with plaintiff to receive an agreed upon sum out of the proceeds of the sale. The firm apparently refused to execute any of the necessary papers to effect the settlement when the parties rejected its demand to have the proceeds of the sale of the real property turned over to the firm for disbursement.

Since time was of the essence, the real estate transaction was in jeopardy as a result of the firm's refusal to cooperate in settling the action. The parties, therefore, agreed to the substitution of other counsel for the firm; plaintiff advised the firm in writing that it had been discharged. With substitute counsel acting as plaintiff's attorney, the parties stipulated to cancel the notice of pendency and discontinue the underlying action, permitting the real estate transaction to close; plaintiff received a portion of the proceeds pursuant to the terms of the settlement agreement. When the firm discovered that the

action had been settled, it moved to vacate the parties' consent to change attorneys, the stipulation canceling the notice of pendency and the stipulation of discontinuance. Supreme Court denied the motion and this appeal ensued.

At the heart of this controversy is the firm's claim that it has reason to believe plaintiff's recovery under the settlement agreement consisted of more than the sum of money disclosed by the parties. Irrespective of the merits of this claim, however, we see no basis for the relief requested in the motion at issue.

The firm contends that the parties' substitution of counsel and the subsequent stipulations executed by substitute counsel on behalf of plaintiff should be vacated since the procedural steps required by CPLR 321 (b) for the change of attorneys were not followed. Plaintiff had the absolute right on public policy grounds to terminate the attorney-client relationship with the firm at any time, with or without cause (see, Demov, Morris, Levine & Shein v Glantz, 53 NY2d 553, 556-557). Inasmuch as the firm was duly discharged by plaintiff, we fail to see how it has standing to object to plaintiff's failure to follow the procedural requirements of CPLR 321 (b) in changing attorneys. We also reject the firm's argument that the failure to follow the procedural requirements of CPLR 321 (b) rendered null and void all subsequent activity by the parties to the action (see, Imor v Imor, 119 AD2d 913, appeal dismissed 68 NY2d 753).

The firm concedes that it seeks reinstatement of the notice of pendency for the purpose of providing security or leverage in its dispute with plaintiff over the amount of plaintiff's recovery under the settlement, a percentage of which the firm claims is due to it as counsel fees. The firm seems to view its statutory charging lien, which attached to the proceeds of the settlement (Judiciary Law § 475; Fischer-Hansen v Brooklyn Hgts. R. R. Co., 173 NY 492), as somehow synonymous with the notice of pendency. Assuming the firm could establish that its charging lien attached to the same real property that was the subject of the notice of pendency, reinstatement of the notice of pendency is not an available remedy for enforcement of the charging lien. Pursuant to Judiciary Law § 475, the firm could have petitioned the court to "determine and enforce the lien". This remedy for summary enforcement of the lien is a special proceeding, not a motion in the underlying action (1 Carmody-Wait 2d, NY Prac § 3:149, at 475). Since a court of equity has always had the power to ascertain and

enforce liens, this statutory remedy for summary enforcement of the attorney's charging lien is not exclusive, but cumulative *(Fischer-Hansen v Brooklyn Hgts. R. R. Co., supra,* at 502).

Instead of commencing a special proceeding under Judiciary Law § 475 or a plenary action in equity, the firm elected to move to vacate the stipulation of discontinuance and to reinstate the notice of pendency in the settled action. Since there is no basis for such a motion, Supreme Court properly denied it. We note that the dispute over counsel fees referred to herein is currently the subject of one or more pending actions involving plaintiff, defendants, the firm and others.

MAHONEY, P. J., MAIN, WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.