■ DAGNY MANAGEMENT CORPORATION, Appellant, v DOLPHIN DEVELOPMENT CORPORATION et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 12, 1987 in Sullivan County, which, inter alia, denied plaintiff's motion to dismiss defendants' counterclaims and certain affirmative defenses and granted that part of defendants' cross motion to dismiss the complaint and vacate a lis pendens.

Plaintiff commenced this action against defendants seeking specific performance and damages for the alleged breach of an oral contract to sell real estate to plaintiff. Plaintiff's theory was that the refusal to sell was motivated by racial discrimination and it brought suit under the State's Human Rights Law (see, Executive Law §§ 296, 297). This is a companion action, involving substantially the same parties and the same attorneys, to Pemberton v Dolphin Dev. Corp. (134 AD2d 23).

It has been conceded that following Supreme Court's dismissal of plaintiff's complaint for legal insufficiency and the filing of a notice of appeal, the parties entered into a stipulation fully settling the underlying action. This settlement took place after plaintiff discharged its attorneys, the firm of Oppenheim & Meltzer. Upon the application of the law firm, Supreme Court granted an order authorizing the attorneys to continue to prosecute the appeal so that the firm could protect its statutory attorney's lien. As this court decided in Pemberton (supra), however, an attorney is not entitled to continue to press an action after he has been discharged merely to enforce his right to a statutory charging lien. The attorneys herein have no standing to prosecute this appeal following their discharge by plaintiff.

Inasmuch as the parties' stipulation of settlement appears to have completely resolved the underlying dispute, this appeal is moot.

Appeal dismissed, as moot, without costs. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.