STEPHEN L. OPPENHEIM et al., Respondents, v DENNIS PEMBER-
TON et al., Respondents, and TREASURE LAKE ASSOCIATES,
Appellant. (And Three Other Related Actions.)

Third Department, December 13, 1990

APPEARANCES OF COUNSEL

*Robert M. Cohen* for D. Christopher Dubois and others, appellants.

*Oppenheim & Meltzer (Stephen L. Oppenheim* of counsel), respondents *pro se.*

*Drew, Gargliano & Davidoff (Michael Davidoff* of counsel), for Dolphin Development Corporation and others, respondents.

OPINION OF THE COURT

CASEY, J.

At issue on this appeal is the validity of a notice of pendency filed by plaintiffs, who are attorneys, in one of their actions against various parties concerning legal fees allegedly due and owing them as a result of their representation of defendants Dennis Pemberton and Dagny Management Corporation. On behalf of their clients, plaintiffs commenced actions against defendant Dolphin Development Corporation and two other corporations seeking, *inter alia,* specific performance of a contract for the sale of certain real property in Sullivan County. An agreement to settle the actions was negotiated, but a dispute between plaintiffs and their clients arose before the settlement was effectuated, and plaintiffs were discharged. The clients retained another attorney, and the papers necessary to effectuate the settlement were executed, including a stipulation to discontinue the underlying action and cancel the notice of pendency that had been filed therein. When plaintiffs discovered that the underlying action had been settled and the notice of pendency canceled, they moved to vacate the stipulation. Supreme Court denied the motion and we affirmed *(Pemberton v Dolphin Dev. Corp.,* 134 AD2d 23; *see also, Dagny Mgt. Corp. v Dolphin Dev. Corp.,* 136 AD2d 880, *appeal dismissed* 72 NY2d 854).

Having received no compensation from their former clients, plaintiffs commenced two actions against virtually everyone connected with the transactions which arose out of the settlement. In the first action, plaintiffs seek to recover money damages based upon allegations that the various defendants therein conspired to effectuate the settlement in such a manner as to destroy plaintiffs' attorney's lien. In the second action, which is the one at issue herein, plaintiffs seek to have their attorney's lien determined and enforced. A notice of pendency against the property transferred and to be trans-

ferred as a result of the settlement agreement was filed by plaintiffs in the second action. The order on appeal denied the motion of various defendants to cancel the notice of pendency and to discharge the bond and undertaking, which was filed by one of the defendants pursuant to CPLR 6515.

Defendants contend that in *Pemberton v Dolphin Dev. Corp.* (134 AD2d 23, *supra)* we held that a notice of pendency is not an available remedy to an attorney seeking to enforce his charging lien. This contention is incorrect. In *Pemberton,* the attorneys (plaintiffs herein) sought to revive the action settled by their former client and to reinstate the canceled notice of pendency in that action for the purpose of providing security or leverage in their counsel fees dispute with their former client. We held that Supreme Court properly denied the attorneys' motion, noting that the attorneys had an available remedy in the form of either a special proceeding to determine and enforce their charging lien pursuant to Judiciary Law § 475 or a plenary action in equity *(supra,* at 25-26). We did not hold that a notice of pendency could never be used by an attorney in a proceeding to enforce his charging lien.

CPLR 6501 authorizes the filing of a notice of pendency "in any action * * * in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property". Upon a motion for cancellation of a notice of pendency, "the court essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501" *(5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 320). In the case at bar, plaintiffs' demand for relief seeks a declaration that they have an interest in the subject real property, but we must examine the entire complaint in the second action to determine the true nature of that action *(supra,* at 323). In undertaking this examination, we are constrained by the following general principle: "The same considerations that require strict compliance with the procedural prerequisites also mandate a narrow interpretation in reviewing whether an action is one affecting 'the title to, or the possession, use or enjoyment of, real property' (CPLR 6501). Thus, a court is not to investigate the underlying transaction in determining whether a complaint comes within the scope of CPLR 6501. Instead, in accordance with historical practice, the court's analysis is to be limited to the pleading's face" *(supra,* at 321).

The interest in real property claimed by plaintiffs is founded upon their attorney's charging lien. Judiciary Law

§ 475 provides that an attorney who appears for a party in an action has a lien upon his or her client's claim which attaches to a determination in the client's favor and to the resulting proceeds wherever they are, and the lien cannot be affected by any settlement between the parties *(Matter of Gutchess,* 90 AD2d 663, 664). The lien applies only to proceeds created through the attorney's efforts *(Greenberg, Cantor & Reiss v State of New York,* 128 AD2d 939, 940, *lv denied* 70 NY2d 605). Thus, in order to determine whether plaintiffs' second action is one which affects the title to real property within the meaning of CPLR 6501, we must determine whether the subject real property constituted the "proceeds" of the settlement of the actions commenced by plaintiffs on their clients' behalf *(see, Matter of Desmond v Socha,* 38 AD2d 22, 24, *affd* 31 NY2d 687), and this latter determination must be made solely upon a review of plaintiffs' complaint *(see, 5303 Realty Corp. v O & Y Equity Corp., supra,* at 320-321).

According to plaintiffs' complaint in the second action, the settlement resulted in a two-part transfer of real property. Certain real property was conveyed by Dolphin to defendant Treasure Lake Associates, which was not a party to the underlying actions and was not represented by plaintiffs, and Dolphin agreed to convey certain additional real property to Treasure Lake at a later date. Plaintiffs' complaint further alleges that as a part of the settlement Treasure Lake paid plaintiffs' clients the sum of $75,000, or the equivalent thereof, in noncash consideration and agreed that plaintiffs' clients would have a 40% interest in the conveyance of the additional real property. In contrast to *West v Bacon* (13 App Div 371, *mod on other grounds* 164 NY 425), relied upon by plaintiffs, the settlement herein did not result in the acquisition by plaintiffs' clients of either title or possession of real property. Instead, the clients received $75,000 in cash or noncash consideration and an interest in the agreement whereby Dolphin was to convey certain additional real property to Treasure Lake. Plaintiffs' lien attached to the cash or noncash consideration received by their clients and to the clients' interest in Dolphin's agreement to convey certain additional property to Treasure Lake, but the lien could not attach to the real property since there is no allegation in the complaint that plaintiffs' clients received any interest in the real property itself as a result of the settlement *(see, Kauffman v Simis,* 156 App Div 208). Accordingly, there was no basis for the filing of the notice of pendency, and the motion of the various defen-

dants seeking to cancel the notice of pendency and discharge the bond and undertaking should have been granted.

LEVINE, J. (dissenting). I respectfully dissent. The pleadings allege that plaintiffs were retained by and performed legal services for defendants Dennis Pemberton and Dagny Management Corporation (hereinafter the clients) consisting, *inter alia,* of prosecuting actions against defendant Dolphin Development Corporation for the acquisition of real property of Dolphin. Plaintiffs further allege that, as their legal efforts were about to bear fruit, they were discharged and a settlement of the actions was effected. However, plaintiffs allege in substance that the clients, Dolphin and defendant Treasure Lake Associates entered into a conspiracy to defeat plaintiffs' rights to an attorney's statutory charging lien (Judiciary Law § 475) by structuring the settlement whereby Treasure Lake, the nominee of the clients, with full knowledge of plaintiffs' rights to a charging lien, would receive a conveyance of a portion of the real property which was the subject of the actions and contractual rights to acquire the remainder subject to a 40% interest therein in favor of the clients.

The foregoing allegations must be taken as true in determining whether plaintiffs have demanded relief by way of a judgment affecting "the title to, or the possession, use or enjoyment of, real property" (CPLR 6501), so as to authorize the filing of a notice of pendency on the real property Dolphin conveyed to Treasure Lake and the real property covered by the contract of sale between Treasure Lake and Dolphin *(see,* CPLR 6501; *5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 320).

The majority appears to agree that, under plaintiffs' allegations that the settlement was achieved through their efforts, the lands conveyed or to be conveyed to Treasure Lake were proceeds of the settlement to which an attorney's statutory charging lien could attach *(see, West v Bacon,* 13 App Div 371, *mod on other grounds* 164 NY 425; *Steuart v D'Esterre,* 170 NYS 936, *affd* 187 App Div 935; 7 NY Jur 2d, Attorneys at Law, § 186, at 114; *see also, Butts v Carey,* 143 App Div 356, *appeal dismissed* 207 NY 667). The majority, however, concludes that plaintiffs' charging lien could not attach to such proceeds because "there is no allegation in the complaint" that the clients, as the parties plaintiffs represented in the litigation leading to the settlement, "received any interest in the real property itself as a result of the settlement". Thus,

under the majority's ruling, the clients and their coconspirators will have succeeded in defeating plaintiffs' statutory lien by the simple expedience of structuring the settlement so as to have the interest in the real property proceeds thereof flow to Treasure Lake, the clients' nominee, in return for cash or other consideration they received from Treasure Lake.

In my view, the majority's conclusion is inconsistent with the provision in Judiciary Law § 475 that the lien attaches to the proceeds into "whatever hands they may come" and the liberal construction traditionally given by the courts to that language in protecting lawyers from settlement devices such as that allegedly employed in this case. Illustrative is *Todd v Mutual Factors* (3 AD2d 537, *affd* 4 NY2d 759), a case indistinguishable on the issue of whether an attorney's charging lien attaches to proceeds of litigation delivered directly to the client's designee. There the plaintiff attorney administratively prosecuted contract claims for payment against the United States Government on behalf of a client who had engaged in marine repair and construction work for the Navy. Once collection was assured, the client assigned the claims to its factor. The court in *Todd* upheld enforcement of the plaintiff's lien on the proceeds in the hands of the assignee, stating "that when such a lien exists within the frame of the statute, it cannot be defeated by direct assignment of the proceeds of litigation from the client to a third-party assignee, and that the lawyer may follow his lien against the proceeds in the hands of such an assignee" *(supra,* at 542).

Likewise, I see no reason why plaintiffs' lien does not attach to the equitable interests of Treasure Lake in the remainder of the real property, arising out of its contractual rights to purchase as provided under the settlement, even though title has not yet passed from Dolphin. Dolphin, a defendant in the actions plaintiffs undertook for the clients, allegedly entered into the settlement arrangement with knowledge that it was procured through plaintiffs' efforts and that it was structured to defeat plaintiffs' rights. Under such circumstances, plaintiffs' lien should attach to the remainder of the property as proceeds of the settlement while still in Dolphin's possession. The rights of Treasure Lake, the nominee of the clients, to obtain title and possession of that real property had been established in the settlement, just as if a judgment had been entered to that effect. The case law permits an attorney's statutory charging lien to be enforced against such proceeds of settlement in the hands of a defendant prior to transfer to the

attorney's client *(see, Kaplan v Reuss,* 113 AD2d 184, 186, *affd* 68 NY2d 693; *see also, Matter of King,* 168 NY 53, 59-60; *Matter of Gutchess,* 90 AD2d 663, 663-664).

For all the foregoing reasons, I would affirm Supreme Court's denial of the motion to cancel and vacate the notice of pendency.

MAHONEY, P. J., KANE and MERCURE, JJ., concur with CASEY, J.; LEVINE, J., dissents and votes to affirm in an opinion.

Amended order reversed, on the law, with one bill of costs to defendants filing briefs, and motion granted.