■ MARIE SURDAM, Respondent, v MARINE MIDLAND BANK, N. A., Defendant, and GERALD A. HARLEY, Appellant. [603 NYS2d 233] —Weiss, P. J. Appeals from an order and an amended order of the Supreme Court (Travers, J.), entered February 21, 1992 and February 27, 1992 in Rensselaer County, which granted plaintiff's motion for summary judgment.

The settlement of plaintiff's third-party personal injury action emanating from a work-related motor vehicle accident provided that out of the proceeds remaining, $39,215.25 be placed in an escrow account in defendant Marine Midland Bank, N. A. in the name of her then attorney, defendant Gerald A. Harley, as escrow agent, as security for the discharge of a lien in favor of the workers' compensation insurance carrier for benefits previously paid to her. Harley was paid in full for his services to plaintiff on both the compensation claim and the third-party action and did not have a written escrow agreement. Although the Vermont Supreme Court* held that St. Paul Fire & Marine Insurance Company, the workers' compensation insurance carrier, had no enforceable claim on its lien against the escrow funds, Harley refused to remit the money in the account to plaintiff claiming entitlement to additional fees for services performed on three separate, unrelated lawsuits. Plaintiff commenced this action

---

* Plaintiff resided in and was employed as a truck driver by a Vermont corporation. The accident in which she was injured occurred in Ulster County.

against Harley and Marine Midland seeking an order substituting her new attorneys, Lee & LeForestier, as escrow agent in place of Harley. Pursuant to a stipulation made in court on February 6, 1992, all but $10,000 of the escrow fund was released to plaintiff and that sum remained in escrow to abide the outcome of this action. Supreme Court thereafter granted plaintiff's motion for summary judgment permitting transfer to her of all of the funds, without prejudice, however, to Harley's claim for unpaid legal services alleged in his counterclaim and for which he asserted a charging lien on those funds. This appeal by Harley ensued.

The resolution of this appeal does not require extended discussion. In *Oppenheim v Pemberton* (164 AD2d 430, 433), this Court held that a charging lien pursuant to Judiciary Law § 475 "attaches [only] to a determination in the client's favor *and to the resulting proceeds*" (emphasis supplied; *see, Matter of Gutchess*, 90 AD2d 663, 664). *"The lien applies only to proceeds created through the attorney's efforts * * *" (Oppenheim v Pemberton, supra,* at 433 [emphasis supplied]; *see, Greenberg, Cantor & Reiss v State of New York*, 128 AD2d 939, 940, *lv denied* 70 NY2d 605). It is clear from this record that the only funds Harley produced for plaintiff were the proceeds of her workers' compensation claim and her third-party negligence action, and it is conceded that Harley had been fully paid for his services in those two matters. He has asserted a claim for legal services and disbursements rendered to plaintiff in three separate, distinct matters, none of which has produced or contributed to the fund upon which he seeks to impose a charging lien. Given that those services have not created any proceeds, there is nothing to which a lien can attach *(see, Oppenheim v Pemberton, supra; Matter of Desmond v Socha,* 38 AD2d 22, 24, *affd* 31 NY2d 687; *see also, Greenberg, Cantor & Reiss v State of New York, supra,* at 940).

Harley's contention that he should have been granted summary judgment against Marine Midland in the absence of any questions of fact on his counterclaim is meaningless because he never made a motion for summary judgment. The remaining arguments are without merit.

Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the order and amended order are affirmed, with costs.