**TREASURE LAKE ASSOCIATES and Dennis Pemberton, Plaintiffs,**

v.

**Stephen L. OPPENHEIM, Perry E. Meltzer, both individually and as Partners in the Partnership known as Oppenheim & Meltzer Defendants.**

No. 88 Civ. 9109(BDP).

United States District Court,
S.D. New York.

Feb. 18, 1998.

Robert M. Cohen, Ballston, NY, Percival A. Clarke, Mt. Vernon, NY, for Plaintiffs.

William P. Larsen, D'Amato & Lynch, New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiffs Treasure Lake Associates and Dennis Pemberton filed this action to recover damages from defendants arising from defendants' legal representation of Pemberton in connection with a real estate transaction. Plaintiffs allege that defendants Stephen L. Oppenheim, Perry E. Meltzer and the law firm of Oppenheim & Meltzer committed legal malpractice and breached their fiduciary duties to Pemberton. This Court previously granted plaintiffs' motion for summary judgment on the issue of liability. *Treasure Lake Assocs. v. Oppenheim,* No. 88 Civ. 9109 (S.D.N.Y. Mar. 24, 1997).

Defendants have now moved for summary judgment on the issue of damages, contending that plaintiffs have not put forth sufficient evidence to meet the requirements for an award of damages. For the reasons that follow, defendants' motion is granted.

### BACKGROUND

The events that gave rise to this dispute are fully recounted in the Court's Memorandum Opinion and Order of February 27, 1997, familiarity with which is assumed. Accordingly, what follows is a brief summary of the essential facts relevant to this motion. As required on a motion for summary judg-

ment, any ambiguities have been resolved in the light most favorable to the plaintiffs, as the party opposing the motion, and all reasonable inferences have been drawn in favor of the plaintiffs. *Wernick v. Federal Reserve Bank of New York,* 91 F.3d 379, 382 (2d Cir.1996).

Sometime prior to May 1986, Pemberton entered an agreement to purchase a large parcel of undeveloped real property in Sullivan County, New York comprised of 25 building lots and a condominium site (the "Sullivan County Property"). Pemberton planned to assign his right to purchase the Sullivan County Property to an investor, who eventually was identified as Treasure Lake. When the seller failed to convey, Pemberton, in May 1986, hired the law firm of Oppenheim & Meltzer to assist in acquiring the Sullivan County Property, either by lawsuit or by negotiation. Pemberton directed Oppenheim & Meltzer to file an action for specific performance in the New York Supreme Court, Sullivan County. The firm also represented Pemberton before the Human Rights Commission in a suit he had initiated on the theory that the seller's refusal to convey was racially motivated.

In June 1986, Pemberton, believing that Oppenheim & Meltzer, as his legal counsel, was focused too narrowly on litigation rather than the goal of acquiring the Sullivan County Property, negotiated a settlement directly with the seller, without the involvement of Oppenheim & Meltzer. This settlement provided that the seller convey the property to Pemberton or his assignee, as well as pay Pemberton $75,000 to cover his legal fees and other expenses. The closing was scheduled for February 4, 1987. On January 14, 1987, Oppenheim & Meltzer, having been notified of the settlement, learned that Pemberton planned to pay the firm $22,500 of the $75,000 he expected to receive at closing. Oppenheim believed, incorrectly, that the fee agreement entitled the firm to more than $22,500 and consequently took actions to impede the closing. The firm, for example, refused to cooperate in the preparation and execution of the closing papers. Pemberton attempted to ascertain the basis of Oppenheim's dissatisfaction and the reasons for his

failure to cooperate. The firm did not advise Pemberton of the nature of its concerns. As the time of the closing approached, Oppenheim & Meltzer prevented the release of documentation essential to the closing and as a result the transaction could not close as scheduled on February 4, 1987.

Meanwhile, in anticipation of the closing, Pemberton and Treasure Lake entered an agreement on February 4 pursuant to which Pemberton would develop the property, which would be owned by Treasure Lake. The agreement contemplated that the property would be developed and the lots sold and provided that Pemberton would perform all the services necessary to accomplishing that end. As compensation for his services Pemberton would receive 42.5% of the Net Proceeds from the sale of lots or the condominium site. The agreement defined Net Proceeds as the sales revenue minus any of a variety of expenses connected to the development and sale of the property.

The next day, February 5, 1987, Pemberton discharged Oppenheim & Meltzer and explicitly instructed them by letter to refrain from interfering with the transaction. The transaction closed the following day, February 6, 1996. Pemberton admits that he incurred no additional expenses as a result of the delay in the closing. Treasure Lake, as Pemberton's assignee, purchased the 25 lots and retained a contractual right to purchase the condo site.

Thereafter, in March 1987, Oppenheim & Meltzer commenced an action in Supreme Court, Sullivan County to recover legal fees allegedly owed by Pemberton. In connection with this action, the firm filed a Notice of Pendency against the Sullivan County property, which impaired the property's title.

In December 1990, the Appellate Division found that there was no justifiable basis for the defendants' filing of the Notice of Pendency and ordered it removed. *See Oppenheim v. Pemberton*, 164 A.D.2d 430, 563 N.Y.S.2d 908 (1990). In May 1991, Oppenheim & Meltzer's lawsuit for fees proceeded to trial and the court found that the firm and its partners had committed serious misconduct by, among other things, acting against the interests, directions, and desires of their client in order to further what they perceived to be their own interests. *Oppenheim & Pemberton*, No. 665/87, slip op. at 32–33 (N.Y.S.Ct. Aug. 12, 1992).

Plaintiffs claim that defendants' unjustified filing of a Notice of Pendency prevented plaintiffs from selling portions of the property, as they attempted to do. The plaintiffs did enter into contracts of sale for portions of the property, but not of these transactions were completed. Plaintiffs now claim to be entitled to damages for lost profits as a result of the lack of sales caused by the Notice of Pendency. Additionally, Pemberton argues that the damages calculation should include losses stemming from his personal financial difficulties, which, he contends, resulted from the fact that the Notice of Pendency prevented him from selling portions of the Sullivan County Property.

### DISCUSSION

A motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hayes v. New York City Dep't. of Corrections*, 84 F.3d 614, 619 (2d Cir.1996); *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). The court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos*, 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Hayes*, 84 F.3d 614 at 619.

In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities in the light most favorable to, and draw all reasonable inferences in favor of, the party opposing the motion. *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 382 (2d Cir.1996); *In re State*

*Police Litigation,* 88 F.3d 111, 123 (2d Cir. 1996); *Hayes,* 84 F.3d at 619; *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d Cir.1988).

Generally, the burden is on the moving party to demonstrate that there is no genuine dispute respecting any material fact and that he is entitled to judgment as a matter of law. *In re State Police Litigation,* 88 F.3d at 123; *Gallo v. Prudential Residential Services, Limited Partnership,* 22 F.3d 1219, 1223 (2d Cir.1994). To oppose successfully a motion for summary judgement, the responding party "must set forth facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). A summary judgment motion cannot be defeated through mere speculation or conjecture. *Pollis v. New School for Social Research,* 829 F.Supp. 584, 586 (S.D.N.Y. 1993) (citing *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (other citations omitted)).

■ Under New York law, in order to be entitled to an award of damages the plaintiff must demonstrate with certainty that such damages were caused by the actions of the defendants, and the alleged loss must be capable of proof with reasonable certainty. *Kenford Co. v. County of Erie,* 67 N.Y.2d 257, 261, 502 N.Y.S.2d 131, 132, 493 N.E.2d 234 (1986); *see Saenger v. Presbyterian Church of Mount Kisco,* No. 96 Civ. 7684(JFK), 1997 WL 742531 (S.D.N.Y. Dec.1, 1997). The damages must be directly traceable to the actions of the defendants rather than the result of intervening causes. *Trademark Research Corporation v. Maxwell Online, Inc.,* 995 F.2d 326, 332 (2d Cir.1993)(quoting *Kenford Co.,* 67 N.Y.2d at 261, 502 N.Y.S.2d 131, 493 N.E.2d 234).

It is especially difficult to recover for lost profits due to the difficulty of proving the amount of the lost profits with reasonable certainty. *Kenford,* 67 N.Y.2d at 261, 502 N.Y.S.2d 131, 493 N.E.2d 234. Unlike with established businesses, a new enterprise offers little or no record of past performance from which to project future performance. *Coastal Aviation, Inc. v. Commander Aircraft Company,* 937 F.Supp. 1051, 1065 (S.D.N.Y.1996)(quoting *Manniello v. Dea,* 92 A.D.2d 426, 461 N.Y.S.2d 582 (1983)).

In this case, plaintiffs have failed to offer evidence sufficient to warrant a trial on the issue of damages. Rather than offer admissible evidence necessary to substantiate their claim for damages, plaintiffs have instead attempted to resist defendants' motion for summary judgment largely on the basis of what they intend to prove at trial.

Although plaintiffs contend that the Notice of Pendency prevented the sale of portions of the property and the realization of substantial profits, plaintiffs have introduced evidence neither that the sales would have been consummated were it not for the Notice of Pendency, nor of the amount of likely profits. The contracts that Treasure Lake entered into with prospective purchasers contained, as most real estate contracts do, a variety of contingencies. Both buyer and seller were required to fulfill further conditions in order for the sale to be consummated. Pemberton's deposition testimony makes clear that while he was very confident that the sales would have closed were it not for the Notice of Pendency, he was able to provide few details about precisely what steps he would have had to take to fulfill the seller's obligations under the sales contracts. Plaintiffs offer no admissible evidence as to the likelihood that Treasure Lake, as seller, would have been able to fulfill its obligations under the contract or that the buyers were, in fact, legally bound to purchase.

Assuming that the sales would have closed were it not for the Notice of Pendency, plaintiffs must still establish with reasonable certainty the amount of damages that resulted from the lost sales. Treasure Lake would have incurred expenses in connection with the sales. Plaintiffs have provided no information as to the amount of these expenses. By Pemberton's own admission, he was unaware of the cost or difficulty of the steps that might have to be taken prior to a sale of portions of the property.

The fact that this was a new venture makes it especially difficult to prove the amount of damages with the requisite certainty. The plaintiffs have offered no record, indeed are unable to offer any record, of past sales or past expenses.

While Pemberton's deposition testimony clearly evidences plaintiffs' belief that the lots would have sold were it not for the Notice of Pendency, and that the profits would have been "enormous," that deposition testimony does not supply any factual basis for either of those beliefs. Nor have plaintiffs submitted any documentary evidence or expert testimony sufficient to establish with reasonable certainty the likely profit that would have resulted from the sales of the lots. In sum, plaintiffs' claim that the Notice of Pendency prevented the plaintiffs from realizing "enormous" profits is pure speculation, which is not sufficient evidence to warrant a trial on the issue of damages.

## CONCLUSION

For the reasons stated, defendants' motion for summary judgment on the issue of damages is granted. The Clerk of the Court is directed to enter judgment for the defendants.

**SO ORDERED:**