HOWARD MAJOR, Respondent, v. GEORGE LEARY, Appellant.— Judgment affirmed, with costs. Order entered May 3, 1933, granting extra allowance, affirmed. In July, 1919, after conferences between the plaintiff and the defendant and his wife, the former was selected as architect to draw plans and superintend in a general way the construction of an elaborate and pretentious country residence and garage which the defendant proposed to build at Southampton. This house was of an unusual design. The plans and specifications were drawn, bids were solicited on a lump sum basis, and eventually the construction was undertaken by one of defendant's corporations. The defendant was a civil engineer and an experienced builder. He gave charge of the work of construction to a superintendent of his own choice and of whose skill he had knowledge. From time to time changes were made in many details to suit the fancy of defendant and his wife. The building was practically completed and ready for occupancy when defendant discharged plaintiff. Until that time no serious complaints had been made, although defendant was throughout in close contact with the work and had his own representative and agent on the job making frequent confidential reports concerning the work. Defendant was constantly writing plaintiff making changes in different details and offering minor complaints. There were some mistakes in the plans and specifications, as there are bound to be in an undertaking of the nature and scope here presented. The law does not expect or require absolute perfection, but tests the efficiency of the architect by the rule of ordinary and reasonable skill usually exercised by one of that profession. As a question of fact the contract was performed as the parties proceeded with the work and as they gave practical construction to the various details. The belated criticism comes from experts called by defendant, viewing the plans, specifications and construction in retrospect. For thirteen years the parties have been pursuing a leisurely course in presenting their grievances before a referee. The referee has found the facts in favor of plaintiff to the effect that there has been substantial performance and that the complaints in respect to the architect's skill and his attention to the work are not well founded. Judgment has been rendered in favor of the plaintiff for the value of his services performed at $9,815.94, with interest. In a case of this nature we would be reluctant to find facts contrary to those found by the referee, who saw and heard the witnesses and who had ample time to examine the

voluminous documents submitted. The plaintiff seems to have given the best evidence available on the subject of actual cost. The defendant offered a very lame excuse for the non-production of records of actual cost of the buildings and claimed he could not tell what the actual cost was. Under the circumstances the proof offered by plaintiff was competent as a basis of damages. We think the record discloses that the plaintiff devoted to the work a reasonable degree of skill and fidelity. The alleged errors on his part as now set forth by defendant appear to be to a large extent trivial and in other respects largely captious and artificial, depending as they do upon testimony of experts and not upon actual complaints made during the progress of construction. It is time that this litigation came to an end. Present — Lazansky, P. J., Young, Carswell and Davis, JJ.; Kapper, J., not voting.