In the Matter of the Liquidation of NATIONAL SURETY COMPANY. (Claim of THE CHENEY COMPANY — C. B. 7904.)

Supreme Court, Special Term, New York County, March 11, 1941.

*Edward F. Keenan* [*William A. J. Sheehan* of counsel], for the Superintendent of Insurance of the State of New York, as liquidator, etc.

*Trachman & Krosner* [*Irving R. Krosner* of counsel], for the claimant.

EDER, J. This is a motion to confirm the report of a referee, dated February 17, 1941, and filed on February 18, 1941, which recommends the disallowance of a claim filed by Cheney Company. On April 1, 1935, the claimant filed its proof of claim with the liquidator in the sum of $1,491. Objection is filed to the referee's report which recommends the disallowance of the claim. It is contended that the claim should be allowed as a general claim.

On June 1, 1934, an order of liquidation was made by this court, and thereupon the Superintendent of Insurance took possession of National Surety Company for liquidation pursuant to article XI of the Insurance Law (Laws of 1932, chap. 191; now Insurance Law, art. XVI). The order provided that creditors had until April 1, 1935, to file claims.

Section 544 of the Insurance Law (formerly section 425), entitled, " Proof and allowance of claims," in subdivision 3 thereof provides: " No contingent claim shall share in a distribution of the assets of an insurer which has been adjudicated to be insolvent by an

order made pursuant to section five hundred forty-three except that such claims shall be considered, if properly presented, and may be allowed to share where (a) such claim becomes absolute against the insurer on or before the last day fixed for filing of proofs of claim against the assets of such insurer, or (b) there is a surplus and the liquidation is thereafter conducted upon the basis that such insurer is solvent." In recommending the disallowance of the claim the referee recommends that the claim should be considered contingent as of April 1, 1935.

In urging that this is an erroneous conclusion the claimant relies upon the legal effect of certain proceedings taken in an action theretofore commenced in this court, in Westchester county, in 1932, by the G. Drouve Company against the board of education of Mamaroneck. In that action an order of reference was made to hear and determine. While the action was pending the Superintendent of Insurance was authorized and directed to take possession of the surety company for the purpose of liquidation. The trial of the issues before the referee resulted in a decision on March 20, 1935; the formal judgment, however, was not entered until April 24, 1935. It is alleged that the decision of the referee was by way of findings of fact and conclusions of law and determined that the claimant had a good and valid lien; that subsequently a motion was made in that action, which resulted in the entry of an order on October 23, 1940, which provided that the judgment entered in that action be deemed entered *nunc pro tunc* as of March 20, 1935, and that such a correction was made by the county clerk. It is, therefore, contended by the claimant that the claim herein became absolute before the last day to file claims and should, therefore, be allowed as a general claim.

The question thus resolves itself as to the binding effect of the order of October 23, 1940, which provided that the judgment entered on April 24, 1935, be deemed entered *nunc pro tunc* as of March 20, 1935. If that order was of binding effect, then the claim became absolute on March 20, 1935, and should be allowed. Conversely, if that order was of no binding effect upon the liquidator herein, then, obviously, the claim was, on April 1, 1935, a contingent one and must be disallowed.

I am of the opinion, for the reasons now given, that the aforementioned order of October 23, 1940, made in the Westchester county action, was of no binding effect upon the liquidator herein. The effect of the decision of the referee in that action was akin to that of the verdict of a jury before the entry of judgment thereon. As said in *Shaul* v. *Fidelity & Deposit Co. of Maryland* (131 Misc. 401; affd., 224 App. Div. 773), " Like the verdict of a jury the decision is not the judgment but an order for it and the judgment

itself is the embodiment in legal procedure of the result of the decision." Not being a judgment it did not have the effect of making the claim absolute.

As far as the determination of claims against the National Surety Company is concerned, the Supreme Court, New York County, has sole and exclusive jurisdiction thereof and the court in Westchester county was without power to adjudicate claims against the aforementioned surety company in liquidation. It is well established that claims of creditors of dissolved insurance companies are to be determined in the liquidation proceedings. In *Matter of Bean* v. *Stoddard* (207 App. Div. 276, 279) the court said: " When property has come into the hands of an officer or within the jurisdiction of a court, that court has the right to decide every question which occurs in the cause, and no one can take such property from its custody by any process, for this would produce a conflict extremely embarrassing to the administration of justice; * * * other courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it; * * * and such property is withdrawn from the jurisdiction of other courts as effectively as if the property had been entirely removed to the territory of another sovereignty." (See, also, *Rodgers* v. *Adriatic Fire Ins. Co.*, 148 N. Y. 34; *Matter of Second Russian Ins. Co.* [*Hamburg Ins. Co.*], 219 App. Div. 46; *Matter of Lawyers Title & Guaranty Co.*, 254 id. 491.)

The corporate existence of National Surety Company terminated on the entry of the order of liquidation of June 1, 1934, and pending actions against it abated, as well as those thereafter instituted against it (*Matter of National Surety Co.* [*Laughlin*], 283 N. Y. 68, 74), and thereupon the Supreme Court, New York County, became vested with exclusive jurisdiction to pass upon and decide every question occurring in the cause. Hence, the order of October 23, 1940, changing the date of entry of judgment to a date antedating the last day to file claims, as fixed by the order of liquidation, is without effect herein.

Applying the rules and principles herein mentioned, it is apparent that the claim was rightly disallowed. As stated by Mr. Justice Cohn in *People ex rel. Behan* v. *Equitable Casualty & Surety Co.* (N. Y. L. J. March 20, 1934, p. 1338): " It is well settled that liabilities of a surety company which are contingent at the time it is placed in liquidation are not entitled to allowance (*People* v. *Metropolitan Surety Co.*, 205 N. Y. 135)." The objector had no matured claim on the date of liquidation or one that became absolute before the last day to file claims, and, hence, the objection filed to the referee's report is overruled and the report is confirmed. Settle order.