In the Matter of EDMUND POLTRONIERI, Respondent, against FREDERICK J. TALASCO, an Infant, by JOSEPH E. TALASCO, His Guardian ad Litem, et al., Appellants.— Appeal by plaintiffs [in original action] from so much of an order of the Supreme Court, Queens County, entered January 19. 1960, as: (a) grants petitioner's motion to confirm the report of an Official Referee that petitioner is entitled to compensation; (b) fixes at $3,500 petitioner's charging lien upon any recovery had by plaintiffs in the action, instead of $5,000 as recommended by the Referee; and (c) denies plaintiffs' cross motion to disaffirm the Referee's report. Order modified on the law and the facts: (a) by striking out its third ordering paragraph denying plaintiffs' motion to disapprove the Referee's report; (b) by striking out its fourth and fifth ordering paragraphs granting petitioner's motion to confirm the Referee's report, fixing petitioner's charging lien at $3,500, and directing that it be paid out of any recovery by plaintiffs in the action; and (c) by substituting therefor the following: a provision granting plaintiffs' motion to disapprove the Referee's report; a provision granting plaintiffs' motion to discharge petitioner for cause without fee; and a provision denying petitioner's motion to fix his fee and to accord him a charging lien in the amount so fixed upon plaintiffs' recovery in the action. As so modified the order, insofar as appealed from, is affirmed, without costs. Findings of fact contained in the opinion of the Special Term, insofar as such findings may be inconsistent herewith are reversed, and new findings are made as indicated herein. On February 12, 1954 petitioner, an attorney, was retained by the adult plaintiff to prosecute an action to recover damages for personal injuries sustained by his then 10-year-old son as the result of defendant's negligence. On July 29, 1954 the adult plaintiff signed a petition for his appointment as guardian ad litem, but the order was not submitted for signature until almost five years later. On April 29, 1955 a summons (without complaint) was served. A notice of appearance was served by defendant shortly thereafter. Between 1955 and 1958 there were several physical examinations of the infant plaintiff on behalf of defendant, and negotiations for settlement. Toward the end of 1958 defendant offered $25,000 to settle the case, which plaintiffs refused to accept. A complaint was not served until February 27, 1959. Shortly thereafter petitioner was discharged. After his discharge petitioner had the adult plaintiff appointed guardian ad litem *nunc pro tunc* and then filed the

statement of retainer in this court. On May 7, 1959 petitioner instituted this proceeding to fix his fee. Plaintiffs opposed the motion on the ground that the discharge was for cause and, therefore, petitioner was not entitled to any compensation. The Official Referee, to whom the matter was referred to hear and report, found that, although there was some delay in the handling of the case, petitioner was constantly acting in the best interests of plaintiffs and that he was entitled to a $5,000 fee for his services in obtaining an offer of $25,000 from defendant to settle the case. Special Term confirmed the report insofar as it held that petitioner was entitled to compensation, but reduced the allowance to petitioner to $3,500. In our opinion, plaintiffs were entitled to have their action pressed with reasonable diligence. Under the circumstances here present, petitioner's failure to prosecute the action diligently was sufficient to constitute cause for his discharge and, therefore, he is not entitled to any compensation. Nolan, P. J., Beldock, Ughetta and Christ, JJ., concur; Kleinfeld, J., dissents and votes to deny plaintiffs' motion to discharge petitioner for cause without fee and to grant the other motions to the extent of fixing petitioner's fee at $2,000 and giving him a charging lien in such amount upon plaintiffs' recovery in the action.