■ Eileen De Luccia, Appellant, v Village of Monroe et al., Defendants. Hooper & Gallivan, Respondent.—Weiss,

P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered December 3, 1990 in Orange County, which granted Hooper & Gallivan's request for a statutory attorney's lien.

Plaintiff was injured in an automobile collision with a Village of Monroe police car in Orange County on March 6, 1987. She retained the law firm of Hooper & Gallivan to prosecute her claim and an action was commenced against the police officer who was the driver and the Village. Plaintiff's back injuries became more severe and spinal surgery was performed on or about March 29, 1990. Unbeknownst to Hooper & Gallivan, plaintiff and her husband had signed a form on March 23, 1990 to substitute Brand, Brand, Minter, Berman & Dambroff as new counsel. This form was mailed to Daniel Gallivan of Hooper & Gallivan that same day by the new attorneys. In a telephone conversation with Del Brand of the successor firm on April 9, 1990, Gallivan consented to deliver the file subject to a lien for his fee in an amount to be determined by the court at the time of settlement or trial. Brand confirmed the lien by letter to Gallivan that same day but also stated that the discharge had been for cause. Brand was able to effect a settlement of $150,000 without trial on July 24, 1990.

When Gallivan learned of the settlement, he sought computation and enforcement of his lien pursuant to Judiciary Law § 475. Plaintiff, her husband and Brand submitted affidavits in opposition alleging a litany of activities which had not been performed by Gallivan as support for plaintiff's contention that the discharge was for cause and that Gallivan was precluded from a legal fee. The Supreme Court analyzed Gallivan's contributions to the action and awarded his firm a fee of $12,500. Plaintiff has appealed.

Plaintiff contends that Supreme Court failed to address her contention that Gallivan had been discharged for cause. She argues that her laundry list of complaints against him represents a multitude of deviations from the standard of professional conduct delineated in Code of Professional Responsibility DR 6-101 and DR 7-101 and establish sufficient grounds, as a matter of law, for a discharge for cause.

These proceedings are summary in nature and must be analyzed as a motion for summary judgment (see, CPLR art 4; see also, 7 NY Jur 2d, Attorneys, § 193 et seq.). We find that Gallivan made an initial showing sufficient to entitle him to a

legal fee. The burden then shifted to plaintiff to establish that her discharge of Gallivan was for valid cause.

Discharge for cause must be examined from two perspectives. Initially, the reasons given by plaintiff at the time of discharge show only a general dissatisfaction with the level of her contact with Gallivan. She was concerned about depositions by two nonparty witnesses in a companion action in which plaintiff was sued and was represented by separate defense counsel. Gallivan explained that he did not attend the depositions because the defense counsel who represented plaintiff was present and that he had obtained copies of the transcripts. Plaintiff further complains that Gallivan failed to accompany her to the physical examination by defendants' physician and that he had not contacted one of her physicians even though the original trial date was only one month away. These articulated reasons fail to establish misconduct to a level warranting a discharge for cause and forfeiture of the fee, which is in the nature of a penalty (see, Schwartz v Jones, 58 Misc 2d 998; Suffolk Roadways v Minuse, 56 Misc 2d 6).

The allegations made following the substitution of counsel and new counsel's review of the file are of a more serious nature. Prior acts or inaction discovered after the substitution which constitute professional misconduct can serve as a basis of a fee forfeiture (Williams v Hertz Corp., 91 AD2d 548, affd 59 NY2d 893). We note here that a major portion of plaintiff's serious injuries had not been diagnosed or treated until just prior to and during the substitution process, which significantly changed the value and nature of her claim. Nor has it been demonstrated that Brand was prejudiced by the condition of the file when it was surrendered to him.

We find that plaintiff has failed to establish violations of Code of Professional Responsibility DR 6-101 and DR 7-101 by failing to demonstrate an interrelational impact between Gallivan's action or nonaction and the prosecution of her lawsuit. Having failed to make a prima facie case sufficient to raise a triable issue of fact, the matter was ripe for a summary determination (see, CPLR 409 [b]; Matter of Jones v Marcy, 135 AD2d 887, 888).

Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.