(May 6, 1993)

■ MICHA ZIPRKOWSKI, Plaintiff, v CYNTHIA GOODMAN, Respondent. ROSENTHAL & SHAYS, Nonparty Appellant. [597 NYS2d 59] —Appeal from the "order" of the Special Referee (Julius Birnbaum, R.), New York County, entered on or about June 5, 1992, as amended by the "order" of the same Special Referee, entered on or about July 8, 1992, fixing the charging lien of defendant's outgoing attorneys, unanimously dismissed, without costs.

The so-called "order" of the Special Referee stands merely as the decision of the court (CPLR 4319; *see, Matter of National Sur. Co. [Cheney Co.],* 176 Misc 53, 54-55), and, as such, is nonappealable (CPLR 5512 [a]). In any event, were we to reach the merits, we would find that the value of the services performed by appellant outgoing attorneys was fairly fixed by the Special Referee, and affirm. A client has the right to discharge an attorney at any time, with or without cause *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457). Where, as here, the discharge is without cause, the attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered, whether that be more or less than the amount provided in the contract or retainer agreement *(supra,* at 457-458). Thus, the Special Referee could have determined that the attorneys' services, *inter alia,* were not worth $325 an hour, or that the nature and quality of their work did not warrant the time billed. In cases of this nature, courts are "reluctant to find facts contrary to those found by the Referee, who saw and heard the witnesses and who had ample time to examine the voluminous documents submitted." *(Major v Leary,* 241 App

Div 606, 606-607.) This is particularly so considering the sparse record presented to this Court. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.