■ DAGNY MANAGEMENT CORPORATION et al., Respondents, v OPPENHEIM & MELTZER et al., Appellants. (And Three Other Related Actions.) [606 NYS2d 337] —Crew III, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered September 14, 1992 in Sullivan County, which dismissed the complaint in action Nos. 3 and 4 with costs, upon a decision of the court.

In May 1986, Stephen L. Oppenheim and Perry E. Meltzer, practicing law under the name of Oppenheim & Meltzer (hereinafter the firm), were retained by Dennis Pemberton and Dagny Management Corporation (hereinafter collectively referred to as the client) to assist in obtaining certain real property from Dolphin Development Corporation. During the course of the firm's representation of the client, the firm, *inter alia,* commenced an action for specific performance on behalf of the client against Dolphin and continued a related proceeding commenced by Pemberton before the State Human Rights Commission. In accordance with the retainer agreement between the client and the firm, the firm was to receive an hourly fee of $100 per hour and a contingency fee of 25% of any recovery of damages as counsel fees.

The client and Dolphin thereafter reached a tentative settlement whereby the property in question would be conveyed to a third party and the client would receive $75,000 out of the proceeds of the sale as damages. The firm, however, apparently believing that the client's recovery under the tentative settlement consisted of more than the sum of money disclosed,

interfered with the closing on the property and, as a result, was discharged from service. The client then obtained substitute counsel, settled the underlying actions, closed on the property and received proceeds from the sale in accordance with the terms of the settlement agreement. The firm thereafter commenced actions seeking, *inter alia,* a judgment determining the amount of fees due from the client. The client also commenced actions against the firm, and all actions were joined for trial. At the conclusion of the nonjury trial, Supreme Court determined that the firm was discharged for cause and, therefore, was not entitled to compensation from the client. This appeal by the firm followed.*

It is well settled that "notwithstanding the terms of the agreement between them, a client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney" *(Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 43; *see, Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655). Where such discharge is without cause, the attorney is entitled to recover in quantum meruit the fair and reasonable value of the services rendered *(see, Campagnola v Mulholland, Minion & Roe, supra,* at 44; *see also, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458; *Smith v Boscov's Dept. Store,* 192 AD2d 949, 950). On the other hand, "[w]here the discharge is for cause, the attorney has no right to compensation or a retaining lien, notwithstanding a specific retainer agreement" *(Campagnola v Mulholland, Minion & Roe, supra,* at 44).

The record before us reveals that the firm, whether in an effort to protect its contingent fee or under the guise of safeguarding its client's interests, plainly frustrated and interfered with the client's attempt to settle the underlying actions and close on the property in question. Although the firm was aware that the client had negotiated directly with the other parties involved, the firm's associate appeared at the closing and, without the client's knowledge or consent, circulated a letter directing the parties involved to immediately cease communications with the client. Additionally, the record indicates that although the firm had been advised that the entire settlement was in peril if the closing did not take place in a

---

* Litigation between the firm and the client has been the subject of four prior appeals before this Court *(see, Oppenheim v Pemberton,* 164 AD2d 430; *Oppenheim v Pemberton,* 154 AD2d 843; *Dagny Mgt. Corp. v Dolphin Dev. Corp.,* 136 AD2d 880, *lv denied* 71 NY2d 806, *appeal dismissed* 72 NY2d 854; *Pemberton v Dolphin Dev. Corp.,* 134 AD2d 23).

timely fashion, the firm nevertheless insisted that the closing not take place unless it was allowed to participate and until it was advised of the final settlement figure, thereby enabling it to calculate its contingency fee. The record further reveals that the firm refused to disclose its fee and insisted, in contravention of the client's wishes and the proposed settlement agreement, that all settlement proceeds be deposited into the firm's escrow account to be distributed by the firm at a later date.

Unquestionably, a client has the right to settle his or her cause of action with or without the attorney's consent. "An attorney, by virtue of his general authority as such, has exclusive control in the conduct of the litigation in which he represents his client; his client, on the other hand, is generally conceded to have control over the subject matter of the litigation, and may at any time before judgment, if acting in good faith, compromise, settle, or adjust his cause of action out of court without his attorney's intervention, knowledge, or consent, notwithstanding any contingent fee agreement and even though he has agreed with his attorney not to do so" (6 NY Jur 2d, Attorneys at Law, § 111, at 596-597). Based upon our review of the record as a whole, we are of the view that the firm's interference with the client's right to settle constitutes misconduct sufficient to rise to a level warranting discharge for cause and forfeiture of its fee (cf., *De Luccia v Village of Monroe,* 180 AD2d 897, 899). The firm's remaining arguments have been examined and found to be lacking in merit.

Weiss, P. J., Mercure and White, JJ., concur. Ordered that the order is affirmed, with costs.