■ MORRISON COHEN SINGER & WEINSTEIN, Respondent, v HOWARD ZUKER et al., Appellants. [610 NYS2d 226] —Judgment, Supreme Court, New York County (Loren N. Brown, J.), entered July 21, 1993, which, after nonjury trial, awarded plaintiff Morrison Cohen Singer & Weinstein $60,000 plus interest, costs and disbursements, as the fair and reasonable value of the legal services rendered and dismissed defendants' counterclaims alleging professional malpractice, unanimously affirmed, with costs.

A client may discharge an attorney at any time with or without cause. However, when a client discharges an attorney without cause, the attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458). The conduct of plaintiff attorneys did not fall "below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession" *(Bernstein v Oppenheim & Co.,* 160 AD2d 428, 430). Indeed, most of defendants' claims concern reasonable strategic choices regarding litigation. Such choices do not, as a matter of law, constitute malpractice *(Rosner v Paley,* 65 NY2d 736, 738). Because defendants failed to establish malpractice, and thus their discharge of plaintiff was not for cause, the court correctly

determined that plaintiff was entitled to the fair and reasonable value of its services. We accord deference to the award of the Trial Judge, " 'who saw and heard the witnesses and who had ample time to examine the voluminous documents submitted' " *(Ziprkowski v Goodman,* 193 AD2d 389, quoting *Major v Leary,* 241 App Div 606, 606-607).

We have considered defendants' remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach, Rubin and Nardelli, JJ.