■ In the Matter of JAMES HANK BOXLEY, Also Known as HANK SHOCKLEE, et al., for the Judicial Dissolution of RHYTHM METHOD ENTERPRISES, LTD. (And Two Additional Actions.) EDWARD CHALPIN et al., Appellants, v DIENST & SERRINS et al., Respondents. [630 NYS2d 754]—Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about August 20, 1993, which fixed a charging lien in favor of respondent law firms in the sum of $71,000, together with interest from February 1, 1990, and order, same court and Justice, entered on or about October 5, 1993, which, *inter alia*, denied appellant clients' motion to vacate or modify the order of August 20, 1993, unanimously affirmed, with costs.

The advice the attorneys gave the clients, that a certain transaction should be disclosed to the receiver in a corporate dissolution proceeding in which the clients were involved, was appropriate, and thus provides no basis for a finding that the clients discharged the attorneys for cause. Nor did the attorneys act improperly in seeking a clarification of the retainer agreement when the clients proposed releasing certain performers under their management from their contracts, raising a possibility that the performers' royalties would thereby be placed outside the scope of the retainer agreement while leaving it open to appellant Chalpin to re-sign the released

performers with shell entities he was known for using in the past. This was not an attempt by the attorneys to maximize or create the fund from which their contingency would be paid, but rather to preserve the status quo in the face of the clients' intent to subvert the retainer agreement by rendering it illusory (*cf., Dagny Mgt. Corp. v Oppenheim & Meltzer*, 199 AD2d 711). Nor did the post-discharge disclosure of the transaction to the hearing court warrant forfeiture of the attorneys' fee, since it was in the context of the attorneys seeking to recover their fee by defending themselves against charges of improper conduct (*see, United States v Ballard*, 779 F2d 287, 292, *cert denied* 475 US 1109), and any inaccuracy in the substance of the disclosure did not prejudice the clients. Finally, the amount of the fee was proper, as was the award of interest (*Ash & Miller v Freedman*, 114 AD2d 823).

We have considered the clients' other arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.