■ In the Matter of the Estate of CHARLES R. STEVENS, Deceased. JATHER S. STEVENS, as Administrator of the Estate of CHARLES R. STEVENS, Deceased, Petitioner; DAVIDSON & O'MARA, P. C., Respondent; SAYLES, EVANS, BRAYTON, PALMER & TIFFT, Appellant. (And Two Other Related Proceedings.) [675 NYS2d 182] — Cardona, P. J. Appeal from that part of an order of the Surrogate's Court of Chemung County (Castellino, S.), entered September 18, 1997, which found that Sayles, Evans, Brayton, Palmer & Tifft was not entitled to share in any portion of the contingent fees received from the settlement of three underlying actions.

In October 1992, four members of petitioner's family were involved in a single-car accident while traveling on State Route 17 in the Town of Windsor, Broome County. Petitioner's father, mother and a sister were killed in the rollover accident. Petitioner's youngest sister survived, but sustained serious injuries.

Shortly thereafter, petitioner retained the law firm of Sayles, Evans, Brayton, Palmer & Tifft (hereinafter Sayles Evans) to handle matters relating, *inter alia*, to his father's estate, guardianship of his sister and litigation arising from the accident. Compensation for the latter was to be on a contingency fee basis. After becoming dissatisfied with Sayles Evans' handling of the wrongful death actions commenced in connection with the deaths of his father and sister and the personal injury action commenced on behalf of his surviving sister, petitioner terminated the firm's services on August 1, 1996. Petitioner then hired the law firm of Davidson & O'Mara, P. C., who successfully negotiated settlements of $250,000 for the wrongful death of petitioner's father, $200,000 for the wrongful death of his sister and $100,000 for the personal injuries suffered by his surviving sister. Petitioner, in turn, filed petitions in Supreme Court and Surrogate's Court for permission to settle these actions. Both Supreme Court and Surrogate's Court approved the settlements. Due to a dispute over legal fees claimed to be due to Sayles Evans in connection with the three lawsuits, the courts directed that the legal fees and disbursements awarded to Davidson & O'Mara, P. C. be held in escrow.

Surrogate's Court held a hearing to determine, *inter alia*, whether Sayles Evans had been discharged for cause and whether it was entitled to legal fees on a quantum meruit basis. Thereafter, the court found that Sayles Evans had been

discharged for cause and was not entitled to any of the legal fees attributable to the three actions. The court, however, awarded Sayles Evans compensation on a quantum meruit basis for services rendered in connection with other matters including the guardianship and estate proceedings. Sayles Evans appeals the denial of compensation for services rendered in the three actions.

Initially, it is well settled that a client may discharge an attorney from the further performance of services at any time, with or without cause (*see, Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658; *Martin v Camp*, 219 NY 170, 174). If the attorney is discharged without cause before the completion of services, he or she is entitled to recover the fair and reasonable value of the services rendered (*see, Teichner v W & J Holsteins*, 64 NY2d 977, 979; *Dagny Mgt. Corp. v Oppenheim & Meltzer*, 199 AD2d 711, 712; *Fields v Leeponis*, 95 AD2d 822). If, on the other hand, the discharge is for cause, the attorney is not entitled to any compensation (*see, Dagny Mgt. Corp. v Oppenheim & Meltzer, supra*, at 712; *Kyle v Kyle*, 94 AD2d 866, *lv denied* 60 NY2d 557).

At the hearing, petitioner testified to the claimed acts and/or omissions in the prosecution of the actions which led him to discharge Sayles Evans. Most notably he stated that, despite his complaints, the firm engaged in substantial delay in prosecuting the actions. In particular, he noted that it did not commence the actions until two days prior to the expiration of the Statute of Limitations in the wrongful death actions and, as of May 1996, had not sent any demand letter to the insurance company. In addition, petitioner testified that he was dissatisfied with the firm's failure to obtain the medical records of his deceased sister for the purpose of pursuing a claim for conscious pain and suffering, to conduct an investigation to ascertain who was driving the vehicle prior to the accident, to retain experts in regard to the seatbelt defense as well as the safety of the highway, and to depose the owner of the vehicle to ascertain if there were any mechanical problems. Petitioner further testified that the firm attempted to pressure him into accepting the first offer of settlement in the amount of $375,000.

The attorney from Sayles Evans who handled the case admitted to the delay in the prosecution of the actions, but explained that some of it was due to matters beyond his control. He stated that many of the claimed omissions were strategic decisions and denied ever pressuring petitioner concerning the first offer of settlement.

After considering the evidence, Surrogate's Court concluded that under the circumstances presented, particularly the significant delay in the prosecution of the case, Sayles Evans had been discharged for cause. Mindful of the deference to be accorded the rulings of the Trial Judge " 'who saw and heard the witnesses and who had ample time to examine the voluminous documents submitted' " (*Ziprkowski v Goodman*, 193 AD2d 389, 389-390, quoting *Major v Leary*, 241 App Div 606, 606-607; *see, Morrison Cohen Singer & Weinstein v Zuker*, 203 AD2d 119, 120), we cannot say that Surrogate's Court abused its discretion based upon the record before us (*see, Matter of Poltronieri v Talasco*, 11 AD2d 694, 695, *affd* 9 NY2d 797; *cf., De Luccia v Village of Monroe*, 180 AD2d 897). Accordingly, Surrogate's Court's order is affirmed.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.