OPINION OF THE COURT
John A. Fusco, S.
In this pending proceeding, the decedent died on May 27, 1996, as a result of medical malpractice. Limited letters of administration were duly issued to Carol Ann Spatola, the surviving spouse, who retained counsel to bring a cause of action against those responsible for the death of her husband.
A cause of action for personal injury was brought by counsel, McMahon, Martine & Gallagher (hereafter McMahon). This action ultimately settled for $200,000. The action for wrongful death, however, was dismissed on defendants’ motion for summary judgment. McMahon did not oppose the motion, inasmuch *667 as the wrongful death action admittedly was not timely filed, having been commenced after the statute of limitations had expired.
As a result of this, the limited administratrix then sued McMahon for legal malpractice for having missed the statute of limitations. That action was settled for an additional $950,000. All sums have been distributed, except for $75,000, which has been deposited with the court, pending the determination herein. McMahon contends that their successful pursuit of the personal injury action is unrelated to their malpractice in failing to timely file the wrongful death suit. They argue that Ms. Spatola had no cause for terminating their representation, and they should be compensated for their successful efforts in settling the personal injury action. Ms. Spatola’s current counsel, Sgarlato & Sgarlato (hereafter Sgarlato), maintain that they were discharged for cause and, therefore, McMahon is entitled to no fee.
The Court of Appeals in Demov, Morris, Levin & Shein v Glantz (53 NY2d 553, 556 [1981]) stated:
“The unique relationship between an attorney and client, founded in principle upon the elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney, remains one of the most sensitive and confidential relationships in our society. A relationship built upon a high degree of trust and confidence is obviously more susceptible to destructive forces than other less sensitive ones. It follows, then, that an attorney cannot represent a client effectively and to the full extent of his or her professional capability unless the client maintains the utmost trust and confidence in the attorney.”
This philosophy engendered the development of the rule, now well rooted in our jurisprudence, that a client may discharge an attorney from the further performance of services at any time, with or without cause (see, Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655 [1993]; Martin v Camp, 219 NY 170 [1916]). If the attorney is discharged without cause, he or she is entitled to recover the fair and reasonable value of the services rendered (see, Teichner v W & J Holsteins, 64 NY2d 977 [1985]; Dagny Mgt. Corp. v Oppenheim & Meltzer, 199 AD2d 711 [1993]). If, on the other hand, the discharge is for cause, the attorney is not entitled to any compensation (see, Matter of Montgomery, 272 NY 323 [1936]; Teichner v W & J Holsteins, supra).
*668 The sole issues remaining for determination herein are whether the McMahon firm was discharged for cause, and how much compensation, if any, they are entitled to for the legal services rendered before their representation was terminated. The court has reviewed and considered all of the papers submitted by the parties, who stipulated that the matter should be decided without a hearing.
McMahon concedes that they did not immediately notify their client when they discovered the wrongful death statute of limitations had passed. Nor did they notify or consult with her when a motion to dismiss the wrongful death cause of action was made and ultimately granted with no opposition from McMahon. Indeed, they acknowledge that they kept this hidden from their client, failing to disclose this vital information for three years while they pursued the personal injury action. Only after reaching settlement, on the eve of selecting a jury, did they advise her of the missed statute of limitations. The administratrix then discharged McMahon, and now contends that she certainly would have terminated their services with cause three years earlier, had they not concealed from her that they missed the statute of limitations.
The court, however, need not speculate whether McMahon would have been discharged immediately upon disclosing to their client that they had missed the statute of limitations. The fundamental basis of the attorney-client relationship is one of trust and faith. When an attorney deliberately fails to disclose to a client critical information, it weakens that trust and confidence and erodes the relationship to the point that the client, indeed, has cause to discharge the attorney.
Accordingly, the court finds the law firm of McMahon, Martine & Gallagher was discharged by the administratrix, Carol Ann Spatola, for cause, and is, therefore, not entitled to any legal fee. Pursuant to the agreement of Ms. Spatola and her current attorney, the bank is directed to make the following payments from the sum of $75,000, plus interest, currently held by the Chief Clerk of the Surrogate’s Court in an account at Northfield Savings Bank: (1) a draft in the amount of $7,500, payable to Sgarlato & Sgarlato, and (2) the remainder of the amount on deposit in a draft made payable to Carol Ann Spatola, administratrix of the estate of Jamieson Spatola, deceased.