■ STIM & WARMUTH, P.C., Appellant, v WILLIAM HAYES et al., Respondents. [898 NYS2d 653]—In an action to recover unpaid legal fees and disbursements, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 7, 2009, as denied those branches of its motion which were for summary judgment dismissing the third, fourth, and fifth affirmative defenses and granted that branch of the defendants' cross motion which was for summary judgment on the sixth affirmative defense.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the fourth and fifth affirmative defenses and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this action, the plaintiff law firm seeks to recover unpaid legal fees and disbursements from the corporate defendant, Bill Hayes Design & Build, Ltd., and the individual defendant, William Hayes. The first cause of action alleged that the defendants breached the terms of a contract for the provision of legal services, and the second cause of action sought recovery on an account stated. The defendants answered and, insofar as pertinent here, asserted an overcharge by the plaintiff as a third affirmative defense, failure to state a cause of action as a fourth affirmative defense, negligent representation as a fifth affirmative defense, and payment by the individual defendant William Hayes as a sixth affirmative defense. The Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment dismissing the third, fourth, and fifth affirmative defenses, and granted that branch of the defendants' cross motion which was for summary judgment on the sixth affirmative defense.

The Supreme Court properly denied that branch of the

plaintiff's motion which was for summary judgment dismissing the third affirmative defense, which alleged that the plaintiff overcharged the defendants for legal representation. Although the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law in connection with that affirmative defense (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the defendants raised a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court, however, improperly denied that branch of the plaintiff's motion which was for summary judgment dismissing the fourth affirmative defense, which alleged that the complaint failed to state a cause of action. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by alleging causes of action to recover damages for breach of contract and seeking recovery on an account stated, both of which allege cognizable causes of action. In opposition, the defendants failed to raise a triable issue of fact.

In addition, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment dismissing the fifth affirmative defense, which alleged negligent representation by the plaintiff. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by contending that negligent representation is the equivalent of legal malpractice, and demonstrating that it did not commit any acts that could be construed as malpractice (*see Turner v Irving Finkelstein & Meirowitz, LLP*, 61 AD3d 849, 850 [2009]). In opposition, the defendants failed to raise an issue of fact as to whether the plaintiff committed legal malpractice (*see Matter of Stevens*, 252 AD2d 654, 655 [1998]).

Lastly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment on the sixth affirmative defense, which alleged that the individual defendant William Hayes made payment for legal services rendered to him. The defendants submitted, inter alia, billing statements demonstrating that the individual defendant made payment for the plaintiff's representation of him through April 1, 2006. In opposition, the plaintiff failed to raise a triable issue of fact as to whether it continued to represent the individual defendant after that date. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.