WALTER J. WIGGINS, Respondent, v EDWARD E. KOPKO et al., Appellants. [962 NYS2d 776]—

Garry, J. Appeal from an order of the Supreme Court (Cerio Jr., J.), entered January 17, 2012 in Tompkins County, which, among other things, granted plaintiff's motion to compel certain disclosure.

In October 2004, a client retained the law firm of Wiggins & Masson, LLP, in which plaintiff was a partner, to represent him in a legal malpractice action on a contingency fee basis. Plaintiff thereafter retained defendant Edward E. Kopko to work on this action. Kopko became the attorney with primary responsibility for the action, and eventually entered into a partnership agreement with plaintiff, forming defendant Wiggins & Kopko, LLP (hereinafter referred to as the partnership).[1] Disagreements later arose and, in May 2010, plaintiff commenced this action seeking a judgment dissolving the partnership and compelling Kopko to pay certain legal fees.

Upon learning that Kopko had drafted a letter to the client advising him of the partnership's dissolution and soliciting him as a personal client, plaintiff telephoned the client, discussed the deteriorating relationship between himself and Kopko and warned the client that fee issues might result if he signed a retainer agreement with Kopko. Angered by this call, the client wrote a letter stating that he was discharging plaintiff and the partnership and retaining Kopko, followed—apparently after consultation with Kopko—by a second letter stating that he had discharged plaintiff, the partnership and Wiggins & Masson "for cause." Plaintiff thereafter executed a consent to withdraw himself, the partnership and Wiggins & Masson from the malpractice action and to substitute Kopko. The action was later tried before a jury, resulting in a substantial award.

Seeking a share of the legal fee in this and other actions, plaintiff served Kopko with a demand to produce documents, including the client's complete file. Kopko objected and sought a protective order, asserting, as to the malpractice action, that plaintiff had been discharged for cause and was not entitled to a fee. Plaintiff then moved to compel disclosure. Following a hearing, Supreme Court issued an order that, as pertinent here, granted plaintiff's motion for disclosure of the client's file upon finding that the client's discharge of plaintiff was ineffective, that neither the partnership nor Wiggins & Masson was discharged for cause, and that plaintiff was entitled to compensation on the partnership's behalf by quantum meruit. Kopko appeals.[2]

---

**1.** In November 2011, Supreme Court found that this partnership subsumed several predecessor law firms, including Wiggins & Masson, and is thus bound by the October 2004 retainer agreement. An appeal from that determination is pending.

**2.** By its terms, the notice of appeal was filed on behalf of both Kopko and the partnership, although plaintiff obtained the ruling on the partnership's behalf via a prior Supreme Court order that he had standing to act derivatively

Parties in a civil action are entitled to "full disclosure of all matter material and necessary" (CPLR 3101 [a]), a discretionary determination based on "usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Murphy v Hamilton*, 90 AD3d 1294, 1295 [2011]; *DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div.*, 78 AD3d 1316, 1318 [2010]). We find no abuse of discretion here. Whether the client's file in the malpractice action is material and necessary to plaintiff's action depends on whether plaintiff or the partnership are entitled to a share of the malpractice action fee, which in turn depends on the reason for the discharge. A client may discharge his or her attorney at any time, with or without cause, but the discharged attorney only forfeits the right to compensation for services rendered when discharged for cause (*see e.g. Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]; *Matter of Stevens*, 252 AD2d 654, 655 [1998]). A determination that an attorney was discharged for cause may be based on negligence or misconduct, such as substantial delay in prosecuting an action or interference with a client's attempts to settle a case; more is required than a client's "general dissatisfaction" with the attorney's performance (*De Luccia v Village of Monroe*, 180 AD2d 897, 899 [1992]; *see Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43-44 [1990]; *Matter of Stevens*, 252 AD2d at 656; *Dagny Mgt. Corp. v Oppenheim & Meltzer*, 199 AD2d 711, 712-713 [1993]). The client's statement in the second letter that the discharge was "for cause" is not dispositive, as the determination requires an objective legal analysis of the attorney's conduct and the client's reasons for terminating the employment (*see Dagny Mgt. Corp. v Oppenheim & Meltzer*, 199 AD2d at 712-713; *De Luccia v Village of Monroe*, 180 AD2d at 899).

Kopko contends that plaintiff was discharged for cause due to alleged misconduct in his call to the client. However, without regard to whether the call constituted misconduct—which we do not decide—we agree with Supreme Court that the relevant inquiry is whether the *partnership* was discharged for cause. The client originally retained Wiggins & Masson—not plaintiff individually—and when Kopko later assumed primary responsibility for the malpractice litigation, he did so on behalf of the partnership or its predecessors, which continued to act as counsel of record in the malpractice action until Kopko was substituted shortly before the trial. Plaintiff was not counsel of

---

for the partnership. Given the confusion in the record on this point, we refer—except where necessary—to plaintiff and Kopko in their individual capacities without regard to whether they also claim to act for the partnership.

record in the malpractice action, and so could not be discharged from that role (*see generally Rodriguez v City of New York*, 66 NY2d 825, 827-828 [1985]).[3] Further, we find no reason to disturb Supreme Court's determination that neither the partnership nor Wiggins & Masson was discharged for cause. Essentially, the client testified that he had discharged plaintiff because he was angry about plaintiff's "distasteful" telephone call. However, from the balance of the testimony, it is clear that the client was pleased with the prior services he had received from the partnership and its predecessors (*see De Luccia v Village of Monroe*, 180 AD2d at 899), specifically including those services rendered by Kopko prior to the substitution.

We therefore agree with Supreme Court that plaintiff is entitled to share in the fee obtained in the malpractice action on the partnership's behalf. However, we disagree with the further conclusion that the amount should be determined on the basis of quantum meruit. As against a client, a discharged attorney is entitled to a fee determined on a quantum meruit basis at the time of discharge, but different rules apply where, as here, the fee dispute is between attorneys (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-458 [1989]). In such circumstances, an outgoing attorney may choose to receive immediate compensation on a quantum meruit basis at discharge or to receive a share of a contingent fee based on a proportionate share of the work he or she performed; if no such election is made at the time of discharge, the attorney is presumed to have elected a contingent fee (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658-660 [1993]; *Matter of Benjamin E. Setareh, P.C. v Cammarasana & Bilello Esqs.*, 35 AD3d 600, 601 [2006]; *Connelly v Motor Veh. Acc. Indem. Corp.*, 292 AD2d 332, 333 [2002]; *see also Buchta v Union-Endicott Cent. School Dist.*, 296 AD2d 688, 689 [2002]). Here, Supreme Court found that plaintiff elected quantum meruit compensation in a July 2011 memorandum of law. Even assuming that an election could be made in this manner, it would have been untimely, as the discharge had occurred more than a year earlier. Nothing in the record reveals that an election as to payment of fees was made at or near the time of discharge. Accordingly, as counsel of record, the partnership is presumed to have elected a contingent fee computed according to the proportionate share of work that was performed on its behalf and that of its predecessor firms before the June 2010 substitution of Kopko, to be divided as appropriate between the partners

---

**3.** Kopko concedes in his appellate brief that plaintiff "was never the attorney of record."

(*see Grant v Heit*, 10 AD3d 539, 540 [2004], *lv denied* 4 NY3d 701 [2004]).

Finally, we reject Kopko's contention that plaintiff and the partnership waived a fee by failing to petition the court for a lien pursuant to Judiciary Law § 475. Such a lien attaches by operation of law for the attorney of record when an action is commenced, even if that attorney is no longer counsel of record upon the action's conclusion (*see Klein v Eubank*, 87 NY2d 459, 462-463 [1996]; *Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d at 657-658). An outgoing attorney's failure to seek statutory enforcement does not defeat his or her entitlement to a fee (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d at 458-459; *Ruta & Soulios, LLP v Litman & Litman, P.C.*, 27 AD3d 236, 236 [2006]).

Mercure, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as provided that the legal fee payable to defendant Wiggins & Kopko, LLP is to be determined on a quantum meruit basis; matter remitted to the Supreme Court for determination of the fee in accordance with this Court's decision; and, as so modified, affirmed.

