MARJATTA FREEMAN, Appellant, v DAN BRECHER, ESQ., et al., Respondents, et al., Defendants. [64 NYS3d 13]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 13, 2016, which granted defendants-respondents' motions to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff's claim for legal malpractice in connection with an underlying settlement fails to state a cause of action in the absence of allegations that the "settlement . . . was effectively compelled by the mistakes of [defendant] counsel" (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1st Dept 1990]) or the result of fraud or coercion (*see Beattie v Brown & Wood*, 243 AD2d 395 [1st Dept 1997]). Plaintiff's equivocal denial of knowledge of the terms of the settlement is flatly contradicted by the clear terms of the settlement agreement (*see Bishop v Maurer*, 33 AD3d 497, 499 [1st Dept 2006], *affd* 9 NY3d 910 [2007]). Additionally, plaintiff's speculative and conclusory allegations of proximately caused damages cannot serve as a basis for a legal malpractice claim (*see Pellegrino v File*, 291 AD2d 60, 63 [1st Dept 2002], *lv denied* 98 NY2d 606 [2002]). Plaintiff's cause of action for breach of fiduciary duty arising from the same conduct was correctly dismissed as duplicative

of the legal malpractice claim (*see Garnett v Fox, Horan & Camerini, LLP*, 82 AD3d 435, 436 [1st Dept 2011]; *InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [1st Dept 2003]). Plaintiff has abandoned her breach of fiduciary duty claim based on a referral scheme, and, in any event, has failed to properly plead such a scheme.

The speculative nature of plaintiff's claim of damages arising from defendant Dan Brecher's alleged conflict of interest in assuming a board position in a company in which plaintiff invested while simultaneously serving as plaintiff's counsel cannot support a legal malpractice claim (*see Dweck Law Firm v Mann*, 283 AD2d 292, 294 [1st Dept 2001]).

The Judiciary Law § 487 claims were correctly dismissed, as the conduct alleged does not evince a chronic and/or extreme pattern of legal delinquency (*see Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600, 601 [1st Dept 2014]). Additionally, plaintiff has not alleged any proximately caused damages or identified any damages sustained as a result of Brecher's alleged conflict of interest, which did not arise in the course of a judicial proceeding and thus is not actionable under the statute (*see Meimeteas v Carter Ledyard & Milburn LLP*, 105 AD3d 643 [1st Dept 2013]).

Plaintiff's unsubstantiated hope that discovery and time will help salvage her claims is insufficient to defeat the motions (*see* CPLR 3211 [d]; *Leonard v Gateway II, LLC*, 68 AD3d 408, 410 [1st Dept 2009]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Kapnick, Webber and Gesmer, JJ.