Salans LLP v VBH Props. S.R.L. (2019 NY Slip Op 02611)





Salans LLP v VBH Props. S.R.L.


2019 NY Slip Op 02611


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Richter, J.P., Gische, Kern, Moulton, JJ.


8723 650747/13

[*1]Salans LLP, Plaintiff-Appellant,
v
VBH Properties S.R.L., et al., Defendants, VBH Luxury, Inc., et al., Defendants-Respondents.


Elman Freiberg PLLC, New York (Howard I Elman of counsel), for appellant.
Reitler Kailas & Rosenblatt LLC, New York (Brian D. Caplan of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 26, 2018, which denied plaintiff's motion for summary judgment dismissing defendants VBH Luxury, Inc. (Luxury) and Vernon Bruce Hoeksema's counterclaims, unanimously reversed, on the law, without costs, the motion granted in its entirety, and the counterclaims dismissed. The Clerk is directed to enter judgment accordingly.
Defendants VBH S.R.L. and Atelier Realm N.V. were not served and did not appear in this action. Defendants Luxury and Hoeksema do not contest that to the extent counterclaims are based on their alleged damages, the counterclaims must be dismissed.
Contrary to plaintiff's argument, the scope of the work it performed under the 2008 retainer agreement, which included not only numerous contracts and negotiations but also employment litigation in the U.K., makes it at least reasonable to construe the agreement as authorizing plaintiff to represent Luxury and Hoeksema in the underlying loan action (see Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 177 [1986] [where there is ambiguity in retention agreement, agreement is construed in favor of client]).
However, plaintiff demonstrated prima facie entitlement to judgment in the legal malpractice counterclaim by showing that defendants could not prove that but for plaintiff's failure to appear at the TRO hearing the hearing court would have denied the TRO or set a shorter return date (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 272 [1st Dept 2004] [holding that to establish a claim for litigation malpractice the client "must meet the case within a case' requirement, demonstrating that but for' the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages"]). Defendants speculate that had plaintiff appeared at the TRO hearing, injunctive relief may have been denied or the hearing court may have adjourned the case to an earlier date. Such speculation is insufficient to sustain a claim for legal malpractice (see Freeman v Brecher, 155 AD3d 453, 453 [1st Dept 2017]; Brooks v Lewin, 21 AD3d 731, 734-735 [1st Dept 2005], lv denied 6 NY3d 713 [2006]).
Furthermore, the record shows that, after the TRO was entered, plaintiff refrained from raising defenses as a reasonable strategy to prevent Hoeksema, the individual client, from being liable on his personal guaranty pursuant to a so-called "bad boy" clause in the loan agreements (see Morrison Cohen Singer & Weinstein v Zuker, 203 AD2d 119 [1st Dept 1994]).
The counterclaims relating to the December 28, 2011 retainer agreement must be dismissed because Luxury and Hoeksema, as they concede, did not show any injury proximately caused by the existence, for approximately one week, of that agreement (see Weil, Gotshal & Manges, LLP, 10 AD3d at 271—272).
Luxury and Hoeksema contend that there is a conflict of interest in plaintiff's [*2]representation of both of them. However, as Hoeksema is the sole owner, director and officer of Luxury, there is no conflict (see Topic: Concurrent Representation of Corporation and Sole Shareholder, Director and Officer (NY St Bar Assn Comm on Prof Ethics Op 868 [May 31, 2011]). Moreover, Luxury and Hoeksema failed to show any injury caused by the alleged conflict.
The breach of contract counterclaim must be dismissed because Luxury and Hoeksema do not contest that they never paid the alleged overcharge that breached the contract, and thus sustained no damages (see Gordon v Dino De Laurentiis Corp., 141 AD2d 435, 436 [1st Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK