Wojcik Law Firm, P.C. v Mull (2024 NY Slip Op 00060)

Wojcik Law Firm, P.C. v Mull

2024 NY Slip Op 00060

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 650071/19 Appeal No. 1367 Case No. 2022-01674 

[*1]Wojcik Law Firm, P.C., Plaintiff-Appellant-Respondent,
v
Andrew Mull, Defendant-Respondent-Appellant.

Katz Melinger PLLC, New York (Kenneth J. Katz and Adam J. Sackowitz of counsel), for appellant-respondent.
Meyer, Suozzi, English & Klein, P.C., Garden City (Michael J. Antongiovanni of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about March 23, 2021, which, upon reargument, denied plaintiff's motion and defendant's cross-motion for summary judgment, unanimously modified, on the law, to grant that portion of plaintiff's motion for summary judgment dismissing defendant's affirmative defenses, except for overbilling, and to grant that branch of defendant's cross-motion that asserted that the guaranty only applied to fees and expenses incurred after the February 2017 engagement letter, and remand for a hearing on the proper amount of fees and expenses, and otherwise affirmed, without costs.
Defendant's reading of the guaranty contained in the 2017 engagement letter, limiting it to future fees and expenses, was reasonable given the text and the agreement as a whole. Therefore, defendant's reading must be adopted (Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 177 [1986]; see also Lo-Ho LLC v Batista, 62 AD3d 558, 559 [1st Dept 2009] [guaranty must be read strictly and in guarantor's favor]).
The 2017 engagement letter was not procedurally unconscionable, where defendant was a sophisticated businessperson who had retained a number of other law firms and was not suffering from any clinical emotional or psychiatric condition. Mere business or financial stress is not sufficient to establish unconscionability (see King v Fox, 2004 WL 68397, *6, 2004 US Dist LEXIS 462, *18-19, [SD NY Jan. 14, 2004, No. 97CIV4134 (RWS)]). Moreover, the terms of the agreement at issue, a personal guaranty for fees, and an acknowledgement of past fees, are common terms that do not meet the high bar for substantive unconscionability (id.) In addition, the provision in the agreement setting a cap on defendant's monthly payment undermines his argument that the agreement was unconscionable. For these same reasons, there was no issue of fact as to whether defendant was subject to undue influence by counsel (see Matter of Lawrence, 24 NY3d 320, 337—388 [2014]).
Defendant's affirmative defense of negligence sounds in legal malpractice (Stim & Warmuth, P.C. v Hayes, 72 AD3d 795, 796 [2d Dept 2010]). However, defendant failed to raise facts to show any harm resulting from the alleged "negligence" (Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008]), especially in view of Waddle having prevailed at the arbitration based on its claims under the agreement drafted by plaintiff.
Defendant's allegation that the employment agreement he entered into hiring counsel as in-house counsel was a breach of fiduciary duty is belied by the fact that defendant was represented by independent employment counsel who negotiated and marked-up that agreement on defendant's behalf.
Furthermore, plaintiff never established as a matter of law that its invoices were reasonable, or that there was no overbilling. Therefore, this affirmative defense was properly sustained.
THIS CONSTITUTES THE DECISION AND ORDER[*2] OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024