Thuku v 324 E. 93 LLC (2025 NY Slip Op 02138)

Thuku v 324 E. 93 LLC

2025 NY Slip Op 02138

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 452203/18|Appeal No. 4094|Case No. 2024-05938|

[*1]Timothy Thuku, Plaintiff,
v
324 E. 93 LLC, et al., Defendants. [And a Third-Party Action]
Jaroslawicz & Jaros PLLC, Nonparty Appellant,
v
Law Offices of Michael S. Lamonsoff, PLLC, Nonparty Respondent.

Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for appellant.
Law Offices of Michael S. Lamonsoff, PLLC, New York (Stacey Haskel of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered September 23, 2024, which, after a hearing for the judicial determination of the apportionment of legal fees, apportioned 15% of the net contingency fee to outgoing counsel nonparty-respondent The Law Office of Michael Lamonsoff (Lamonsoff), and apportioned 85% to incoming counsel nonparty-appellant Jaroslawicz & Jaros PLLC (J&J), unanimously modified, on the facts, to reduce the apportionment of the net contingency fee to Lamonsoff to 5% and increase the apportionment to J&J to 95%, and otherwise affirmed, without costs.
It has not been established that Lamonsoff was discharged for cause so as to warrant a forfeiture of the fee. Therefore, Lamonsoff is entitled to an apportionment of the legal fee for the work it performed (see Wiggins v Kopko, 105 AD3d 1132, 1134 [3d Dept 2013]).
Lamonsoff worked on plaintiff's behalf for approximately one-and-a-half years. During that time, Lamonsoff obtained letters of administration, commenced the action via summons and a seven-page complaint, amended the complaint to add additional defendants, filed the RJI, and attended court conferences. During that time, Lamonsoff failed to comply with one of the defendant's discovery demands and violated court orders, resulting in unnecessary motion practice that was ultimately handled by incoming counsel J&J. In contrast, the record shows that J&J performed significantly more work during its five-year representation of plaintiff. Specifically, J&J opposed a motion to strike the complaint caused by Lamonsoff's failure to provide discovery, stipulated to a change of venue, responded to and conducted extensive discovery, prepared for and attended numerous depositions, retained experts, opposed and moved for summary judgment, prepared for trial, and secured a satisfactory settlement offer on the eve of trial. Accordingly, we modify the apportionment of the attorney's fee to the extent indicated (see Han Soo Lee v Riverhead Bay Motors, 110 AD3d 436, 436-437 [1st Dept 2013]; Shabazz v City of New York, 94 AD3d 569, 569 [1st Dept 2012]; see also Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025